Birdie Amsterdam, J.
Application 'by petitioner to stay arbitration of a claim for payment of first-party benefits under article XVIII of the Insurance Law (the ‘‘ No-fault” statute) and for related relief is denied.
It is .undisputed that the respondent-claimant was the operator of a motorcycle and as such sustained certain personal injuries when it was involved in a collision with a tractor-trailer truck owned iby the petitioner on June 3,1974, which date is subsequent to the effective date of Article XVIII of the Insurance Law. The respondent’s application to receive first-party benefits from the petitioner pursuant to its financial security obligations under article XVIII was denied by the petitioner. Whereupon, the respondent served a demand for arbitration as provided for in subdivision 2 of section 675 of the Insurance Law. The matter comes before this court on the petitioner’s application for an order: (1) staying the arbitration; '(2) vacating the. notice of intention to arbitrate;' and (3) determining that the respondent is not entitled to benefits under article XVIII of the Insurance Law. The thrust and basis of the petitioner’s argument is that, as the operator and ■“ occupant ” of a motorcycle, the respondent is not entitled to benefits under the aforesaid “ No-.fault ” statute and is, therefore, relegated to his common-law rights to sue, based upon the petitioner’s alleged negligence.
There is no doubt that subdivision 6 of section 671 of the Insurance Law excludes motorcycles from the definition of motor vehicles. This then poses the question as to whether a person on a motorcycle who is injured in a collision with another motor vehicle is precluded from receiving any benefits under the other vehicle’s liability insurance policy .since he cannot recover under his own policy.
This appears to be a case of first impression as neither counsel has cited any case in support of their respective positions, nor has the court in its independent research found any case in point.
The first issue to be resolved is whether respondent is entitled to first-party benefits under the “ No-fault ” statute. Subdivision 2 of section 671 of the Insurance Law defines ‘ ‘ First party benefits ” to mean payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle in this State. Subdivision. 10 defines a “Covered person” as “any pedestrian *677 * * * or any other person entitled to first party benefits.” (Emphasis added.)
Subdivision 1 of .section 672 of the Insurance Law requires that every owner’s policy of liability insurance issued on a motor vehicle shall provide for, and every owner who maintains another form of financial security on a motor vehicle (apparently, as did this petitioner) shall be liable for the payment of first party benefits to “ (a) persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle ”.
Since a motorcycle is not considered a “ motor vehicle ” for purposes of the “ Mo-fault ” statute, it follows that respondent cannot be considered an occupant of another motor vehicle (Insurance Law, § 671, subd. 6, par. [b]). Thus, he falls squarely within the provisions of section 672 i(subd. 1, par. [a]) of the Insurance Law and would ibe entitled to payment of first-party benefits under petitioner’s liability insurance coverage as a covered person who sustained a loss arising ‘ ‘ out of the use or operation in this state of [a] motor vehicle ”,
Petitioner’s claim that it was the legislative intent to exclude motorcyclists from any coverage under the “no-fault” statute is without merit nor, as petitioner contends, is the statute here involved in any way ambiguous. Thus, when a statute is clear and unambiguous, as here, the intent of the Legislature is to be sought from the words used' therein. The court does not have the authority or discretion to resort to other means of interpretation when the language of the statute permits no doubt as to its meaning.
While not forming a ¡basis for this decision, the court notes that in the Governor’s Memorandum on the approval of the “ Mo-fault ” statute, he stated that the new insurance reparations system “ assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault.” (N. Y. Legis. Ann., 1973, p. 298; emphasis added.)
Accordingly, respondent is determined to be a person entitled to benefits under article XVTII of the Insurance Law as above indicated, and the parties are directed to proceed to arbitration.