George L. Cobb, J.
Defendant moves pursuant to CPLR 3211 to dismiss the first cause of action herein on the ground that it fails to state a cause of action.
In the first cause of action, plaintiff charges that he owned a certain motorcycle and that, while he was operating the motorcycle on a public highway, he was involved in an accident caused by defendant’s negligent operation of her automobile and sustained personal injuries for which he now seeks *718 damages. The defendant says that by reason of New York’s "no-fault” law (Insurance Law, art XVIII) plaintiff cannot maintain this action.
Except in cases involving "serious injury” or loss in excess of "basic economic loss”, as such terms are defined in subdivisions 4 and 1, respectively, of section 671 of the Insurance Law, no action may be maintained by a "covered person” against another "covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state” (Insurance Law, § 673, subd 1).
Since "covered person” is defined to include the owner or operator of a motor vehicle who has in effect the financial security required by articles 6 or 8 of the Vehicle and Traffic Law (Insurance Law, § 671, subd 10), and defendant does have such security in effect, the defendant is a "covered person” within the meaning of the statute. The last cited statute also defines "covered person” to include a person entitled to "first party benefits” and for the reasons which appear below, plaintiff is such a person.
Section 672 (subd 1, par [a]) of the Insurance Law mandates that the defendant, as the owner of a motor vehicle registered in this State, have in effect liability insurance coverage or its equivalent on her automobile which guarantees the payment of first-party benefits to those sustaining loss arising out of the use or operation in this State of such automobile unless such person is at the time an occupant of another motor vehicle. Section 671 (subd 6, par [b]) of the Insurance Law defines "motor vehicle” to exclude a motorcycle. Accordingly, the plaintiff at the time and place of the accident was not the occupant of "another motor vehicle” and is entitled to first-party benefits pursuant to the provisions of the insurance policy covering defendant’s motor vehicle. This latter circumstance makes him a "covered person” within the definition contained in the statute.
In the first cause of action alleged in the complaint, one "covered person” seeks to recover from another "covered person” for personal injuries sustained in a motor vehicle accident which occurred in this State. Since the said cause alleges neither "serious injury” nor loss in excess of "basic economic loss”, the action is expressly barred by subdivision 1 of section 673 of the Insurance Law.
The motion will be granted.