Frank R. Bayger, J.
Plaintiff motorcyclist was injured in a collision with a motor vehicle at Delavan, New York on August 10, 1974. The vehicle was owned and operated by one William Leach and insured in accordance with article XVIII of the Insurance Law (Insurance Law, § 671 et seq.) by the defendant, Merchants Mutual Insurance Company. Plaintiff’s claims for "no-fault” first-party benefits in the amount of $1,960.66 representing out-of-pocket medical and hospital expenses and lost earnings was denied by the defendant carrier thus giving rise to this action wherein both parties have now moved for summary judgment pursuant to CPLR 3212.
The issue thus raised is whether a motorcyclist is a "covered person” as defined by subdivision 10 of section 671 of the Insurance Law so as to be entitled to "fio-fault” benefits under *158 section 672 (subd. 1, par. [a]) of such law. The only prior determination of this question appears to be Justice Amsterdam’s opinion in a New York County case entitled Glosson Motor Lines v Platt (80 Misc 2d 675). It was there held that since motorcycles were specifically excluded from the "no-fault” article’s definition of a "motor vehicle” (Insurance Law, § 671, subd 6) a motorcyclist injured in a collision with an insured motor vehicle such as a truck or automobile must be deemed to be a "covered person” (Insurance Law, § 671, subd 10) and entitled to first-party no-fault benefits under section 672 (subd 1, par [a]) of the statute which mandates payment to "persons, other than occupants of another motor vehicle” for loss arising from the use of the insured motor vehicle.
Similar reasoning was employed by Justice Lynch in deciding McConnell v Firemen’s Fund Amer. Ins. Co. (79 Misc 2d 219). In that case the defendant insurer argued that although the plaintiff’s snowmobile was not a "motor vehicle” under subdivision 6 of section 671 of the statute, plaintiff was occupying "another motor vehicle” at the time of the collision with the insured, parked automobile so as to be excluded from first-party benefits by section 672 (subd 1, par [a]) of the statute. The court rejected that argument stating (p 220): "The defendant would have us construe 'motor vehicle’ in the no-fault law to mean that snowmobiles are excluded from the definition only to dispense with the necessity for no-fault coverage on them, but that they should be included where reference is to being an occupant of 'another motor vehicle’. Where a phrase is statutorily defined, we must assume that the Legislature intended it to be so defined in each place it is met in the statute.” Although the court thus held a snowmobiler to be entitled to first-party no-fault benefits in circumstances similar to the present case, recovery was denied on the grounds that the insured vehicle, lawfully parked and unoccupied, was not being "used” at the time of the collision.
The defendant in this case has presented forceful and cogent arguments for a contrary result. While they agree that a motorcyclist is not an occupant of another vehicle so as to be precluded from recovery under section 672 (subd 1, par [a]) as it is presently written, they suggest that the allowance of no-fault claims by motorcyclists is nonetheless totally without the purpose and intent of the article. The defendant carrier claims that motorcyclists were intended to be totally excluded from the "no-fault” scheme of legislation because of the well- *159 recognized frequency and severity of personal injury accidents experienced by that group and the adverse effect their inclusion in this legislation would have on the costs of "no-fault” insurance to the general public. The defendant also points out that since motorcyclists are admittedly exempt from providing "no-fault” coverage for their vehicles, allowing their recovery under another motorists’ policy in cases such as this constitutes a windfall of benefits which the Legislature could not have intended. They also point out other unfair and inconsistent results which could arise, for example, from collisions between equally intoxicated motorists and motorcyclists (cf. Insurance Law, § 672, subd 2).
There are no doubt many reasons why, in common sense and justice, motorcyclists should not be entitled to first-party no-fault benefits in cases such as this. But it is for the Legislature to correct its handiwork. As stated by Justice Lynch: "the Legislature is deemed to have intended that which it has clearly stated and the 'Court cannot, through construction, enact an intent the Legislature totally failed to express’ (McKinney’s Cons. Laws of N.Y., Book 1, Statutes, § 92, subd b).” (79 Misc 2d, supra , p 222.) Appropriate legislative committees are aware of the inequities presented by cases such as this and have expressed an intention to introduce corrective legislation. (Cf. Interim Report of the Select Committee on Insurance Rates, Regulation and Recodification of the Insurance Law, Jan., 1975.)
Until then I am constrained to interpret the law as it is written.
Summary judgment shall be granted to the plaintiff in the amount of $1,960.66 together with interest at the rate of 2% per month from December 11, 1974, the costs and disbursements of this action and an attorney’s fee of $750.