Joseph G. Fritsch, J.
This is a motion by defendants for an order dismissing plaintiff’s complaint for failure to state a cause of action pursuant to CPLR 3211 and section 671 of the Insurance Law.
The plaintiff, a passenger on a motorcycle owned and operated by the defendant Lowrey was injured when the motorcycle collided with a motor vehicle operated by the defendant William D. Cooper. The thrust of the defendants’ motion is the failure of the plaintiff to come within the requirements of subdivision 4 of section 671 of the Insurance Law, which section sets out the prerequisites needed in order to pursue a cause of action for personal injuries sustained in an automobile accident. The plaintiff’s rebuttal to the defendants’ argument is in substance that he is excluded under the Comprehensive Automobile Insurance Reparations Act, commonly known as no-fault insurance and, therefore, compliance with its prerequisites.
It is presumed that motorcycles are excluded from the New York act because the frequency of personal injury claims would make no-fault insurance costs prohibitive (see 37 Albany L. Rev. 664, 675, n 71), and they are excluded under subdivision 6 of section 671 of the Insurance Law which states as follows: "6. 'Motor vehicle’ shall have the meaning ascribed in section three hundred eleven of the vehicle and traffic law, except that (a) it shall also include fire and police vehicles, and (b) it shall not include a motorcycle (as such term is defined in section one hundred twenty-three of the vehicle and traffic law).”
Subdivision 10 of section 671 of the Insurance Law defines a "covered person” as follows: "10. 'Covered person’ means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivi *879 sion two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.”
The plaintiff, who was a passenger on defendant Lowrey’s motorcycle is not in my opinion a "covered person” under such subdivision 10 of section 671 of the Insurance Law since the vehicle that he was riding on is expressly excluded from coverage under subdivision 6 of section 671 of the Insurance Law. This court must interpret the statute as it is expressly written and cannot change the concept and meaning by implying what was intended by the Legislature. (See McConnell v Fireman's Fund Ins., 79 Misc 2d 219, 222.)
Section 672 (subd 1, par [a]) of the Insurance Law is not applicable so as to make plaintiff the beneficiary of first-party no-fault benefits under defendant’s policy of insurance. I interpret the phrase "persons, other than occupants of another motor vehicle” to mean any pedestrian, and this against the backdrop of the previous subdivision 10 of section 671 of said law. In making this interpretation I am aware of the holdings in Jones v Giordano (81 Misc 2d 717); Perkins v Merchants Mut. Ins. Co. (82 Misc 2d 157) and Glosson Motor Lines v Platt (80 Misc 2d 675).
Defendants’ motion to dismiss plaintiff’s complaint is denied.