■ EDWARD C. PERKINS, Respondent, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Order and judgment unanimously affirmed, with costs. Memorandum: The facts are not in dispute. Plaintiff was operating his motorcycle when it collided with an automobile driven by one William Leach. At the time of the accident the Leach automobile was covered by "no-fault" automobile liability insurance issued by defendant. After attempts by plaintiff-respondent to secure reimbursement from defendant-appellant insurance carrier under "no-fault" insurance were rejected, plaintiff instituted this action. Upon receipt of defendant's answer denying liability plaintiff moved to strike the answer and to grant him summary judgment. Defendant cross-moved to dismiss the complaint and for summary judgment on the ground that "no-fault" insurance was not available to reimburse plaintiff for his injuries. Special Term properly granted plaintiff's motion and subsequently entered judgment for plaintiff in the sum of $1,960 plus interest, costs and attorney's fees. Defendant contends that Special Term erred because motorcyclists are not entitled to "no-fault" first-party benefits under the policy issued to William Leach. It argues that reimbursement for motorcyclists was neither contemplated by the statute nor should they be allowed to recover under any interpretation of article 18. Since motorcycles were specifically excluded from the "no-fault" definition of a "motor vehicle" (Insurance Law, § 671, subd 6, par [b]) and their owners do not contribute to the insurance funds which provide "no-fault" benefits, defendant asserts that it is inequitable and unjust to compel automobile owners to provide benefits for motorcyclists. The answer to this argument is found in the Insurance Law (§ 671, subd 10) which defines a "Covered person" as "any * * * person entitled to first party benefits". The statute, in relevant part, defines "First party benefits" as payments to reimburse a person for economic loss on account of personal injury arising from the use

or operation of a "motor vehicle" in this State (Insurance Law, § 671, subd 2). Thus, since motorcycles are expressly excluded from the statute's definition of "motor vehicle", a motorcyclist is a person entitled to "first party benefits" under section 672 (subd 1, par [a]), and, consequently, a motorcyclist is a "covered person" under subdivision 10 of section 671 *(Jones v Giordano,* 81 Misc 2d 717; *Glosson Motor Lines v Platt,* 80 Misc 2d 675; *Matter of New York City Tr. Auth. [Smith],* NYLJ, June 12, 1975, p 18, col 1; *Kung v Ozarin,* NYLJ, Feb. 21, 1975, p 13, col 6; cf. *McConnell v Fireman's Fund Amer. Ins. Co.,* 79 Misc 2d 219, 220, affd on other grounds 49 AD2d 676). Defendant's contention that to require it to provide "no-fault" coverage to plaintiff is a denial of the equal protection of our laws under section 11 of article I of our Constitution was rejected by a unanimous decision of the Court of Appeals on November 24, 1975 which held that article 18 of the Insurance Law is in all respects constitutional *(Montgomery v Daniels,* 37 NY2d 41). (Appeal from order and judgment of Erie Special Term in action to recover insurance benefits.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ. [82 Misc 2d 157.]