Moses M. Weinstein, J.
The primary question presented on this motion is whether subdivision 1 of section 673 of the Insurance Law (art XVII, commonly known as the "no-fault” act) limits the right of the operator of a motorcycle injured in a collision with an automobile to maintain an action for personal injuries.
Plaintiff, the operator of a motorcycle, and defendant, the owner and operator of an automobile, were involved in an accident. Plaintiff instituted this action to recover for personal injuries and property damage due to the alleged negligent operation of defendant’s automobile. Plaintiff now moves pursuant to CPLR 3211 (subd [b]) to dismiss two affirmative defenses, the second of which alleges that plaintiffs action is barred by subdivision 1 of section 673 of the Insurance Law. Plaintiff replies that subdivision 1 of section 673 is inapplicable to the instant case, since plaintiff is the operator of a motorcycle.
Subdivision 1 of section 673 reads as follows: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
It is undisputed that defendant is a "covered person”. The question remains, under the circumstances presented here, is plaintiff considered a "covered person”. Subdivision 10 of section 671 of the Insurance Law defines a "covered person” to include "any * * * person entitled to first party benefits.” Subdivision 1 of section 672 ("Entitlement to first party benefits”) mandates that the defendant as the owner of a motor *644 vehicle registered in this State carry insurance providing for "the payment of first party benefits to * * * persons other than the occupants of another motor vehicle” for loss arising from the use or operation of the insured vehicle.
Subdivision 6 of section 671 of the Insurance Law states, in pertinent part, that " '[m]otor vehicle’ shall have the meaning ascribed in section three hundred eleven of the vehicle and traffic law, except that * * * [b] it shall not include a motorcycle”. Since subdivision 6 of section 671 expressly excludes motorcycle from the definition of a motor vehicle, plaintiff at the time and place of the accident was not the occupant of "another motor vehicle” and is entitled to first-party benefits pursuant to the insurance policy covering defendant’s motor vehicle. Consequently, plaintiff is a "covered person” and the strictures of subdivision 1 of section 673 apply to limit his right to maintain an action for personal injuries. Similar reasoning has been employed by the courts in related cases. (Perkins v Merchants Mut. Ins. Co., 82 Misc 2d 157; Jones v Giordano, 81 Misc 2d 717; Glosson Motor Lines v Platt, 80 Misc 2d 675.)
Since plaintiff introduces an affidavit of proper service, which affidavit is not challenged by defendant, plaintiff’s motion to dismiss the first affirmative defense alleging lack of personal jurisdiction is granted. Plaintiff’s motion to dismiss the second affirmative defense alleging failure to comply with subdivision 1 of section 673 of the Insurance Law is denied. Plaintiff is given leave, if so advised, to amend his complaint to conform to the statute by alleging either "serious injury” or loss in excess of "basic economic loss”. (Insurance Law, § 673, subd 1; § 671, subds 1, 4.)