■ DONALD J. OESCHGER, as Father and Natural Guardian of MICHAEL OESCHGER, an Infant, et al., Respondents, v BRYAN R. FULLFORTH, Appellant. —Order unanimously reversed, without costs, motion granted and complaint dismissed, without prejudice to plaintiffs, if so advised, to serve an amended complaint within 20 days. Memorandum: Infant plaintiff riding his bicycle and defendant operating his automobile were involved in an accident on April 10, 1974. The complaint fails to allege serious injury as defined in subdivision 4 of section 671 of the Insurance Law or economic loss greater than basic economic loss as defined in subdivision 1 of section 671 of the Insurance Law (see *Colenzo v Kernan,* 49 AD2d 809). Defendant's motion to dismiss the complaint for failure to comply with CPLR 3016 (subd [g]) was denied upon a finding at Special Term that plaintiff, as a bicyclist, was not a "covered person" within the meaning of subdivision 10 of section 671 of the Insurance Law. Plaintiffs urge affirmance, contending that a bicyclist is neither a pedestrian as defined in section 130 of the Vehicle and Traffic Law, nor the operator or occupant of a motor vehicle as the same is defined in section 125 of the Vehicle and Traffic Law. They fail to consider, however, that part of subdivision 10 of section 671 of the Insurance Law which defines a "covered person" as "any other person entitled to first party benefits." Among those entitled to "first party benefits", defined in subdivision 2 of section 671 of the Insurance Law are "persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle" (Insurance Law, § 672, subd 1, par [a]). The infant plaintiff is clearly within that category, is a "covered person" and therefore must meet the pleading requirements of CPLR 3016 (subd [g]) (see *Perkins v Merchants Mut. Ins. Co.* 50 AD2d 1070). (Appeal from order of Monroe Special Term in automobile negligence action.) Present.—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.