Thomas Aloi, J.
This is an action for a declaratory judgment to determine whether the defendant, National Grange Mutual Insurance Company, is obligated to provide the plaintiff, Kevin Moses, with "no-fault” benefits under the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art XVIII, § 670 et seq.).
FINDINGS OF FACT
Plaintiff was injured in a collision with a motor vehicle at Hastings, New York, on March 15, 1976. The automobile was owned by and insured in the name of Eugene L. Fuller, and operated by Charles J. Fuller, the insured’s brother, with the insured’s permission and consent. The vehicle was insured by defendant in accordance with article XVIII of the Insurance Law.
At the time of the accident plaintiff was operating a motorized vehicle known as a "tri-sport”. This tri-sport, owned by Charles J. Fuller, has three wheels, a two cylinder 21 horsepower engine and can attain speeds as great as 65 miles per hour.
The defendant in his brief admits that the tri-sport is a motor vehicle as defined in section 125 of the Vehicle and Traffic Law, for purposes of the "no-fault” law. However, the tri-sport is also a specific type of motor vehicle, a motorcycle as defined in section 123 of the Vehicle and Traffic Law, since the tri-sport "[has] a seat or saddle for the use of a rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor.”
CONCLUSIONS OF LAW
Motorcyclists are entitled to "no-fault” first-party benefits under liability insurance policies issued to owners of automobiles (Perkins v Merchants Mut. Ins. Co. 52 Misc 2d 157, affd 50 AD2d 1070).
Subdivision 10 of section 671 of the Insurance Law defines a "Covered person” as "any * * * person entitled to first party benefits.” The statute in relevant part, defines "First party benefits” as "payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle [here the motor vehicle being *108 the insured’s automobile] in this state”. (Insurance Law, § 671, subd 2.)
Subdivision 1 of section 672 of the Insurance Law requires that every owner’s policy of liability insurance issued on a motor vehicle shall provide for the payment of first-party benefits to "(a) persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle”.
Because a motorcycle is not considered a "motor vehicle” for purposes of the "no-fault statute” (Insurance Law, § 671, subd 6, par [b]), plaintiff falls within the provisions of section 672 (subd 1, par [a]) of the Insurance Law and is a covered person entitled to payment of first-party benefits under the automobile liability policy issued by defendant. (Perkins v Merchants Mut. Ins. Co., supra, citing Jones v Giordano, 81 Misc 2d 717; Glosson Motor Lines v Platt, 80 Misc 2d 675; Matter of New York City Tr. Auth. [Smith], NYLJ, June 12, 1975, p 18 col 1; Kung v Ozarin, NYLJ, Feb 21, 1975, p 13, col 6; cf., McConnell v Fireman’s Fund Amer. Ins. Co., 79 Misc 2d 219, 220, affd on other grounds 49 AD2d 676.)
Even though the plaintiff may have been intoxicated when the accident occurred, he may still recover under defendant’s insurance policy. Section 672 (subd 2, par [b]) of the Insurance Law denies recovery to a person who "is injured as a result of operating a motor vehicle while in an intoxicated condition or while his ability to operate such vehicle is impaired by the use of a drug”. Plaintiff was operating a motorcycle not a motor vehicle as defined by section 671 (subd 6, par [b]) of the Insurance Law; therefore he is not barred from recovery.
Perkins v Merchants Mut. Ins. Co. (82 Misc 2d 157, 159, supra) discusses the "unfair and inconsistent results which could arise, for example, from collisions between equally intoxicated motorists and motorcyclists”. However, if intoxicated motorcyclists are to be denied recovery, the Legislature must alter article XVIII of the Insurance Law.
Because the plaintiff falls within the provisions of section 672 (subd 1, par [a]), he may recover from defendant notwithstanding the fact that defendant might not be obligated to the plaintiff under section 672 (subd 1, par [b]), the provision which limits first-party payments where the motor vehicle is uninsured. (See Ferebee v State Farm Mut. Ins. Co., 82 Misc 2d 874), which held that the plaintiff insured might bring *109 actions under both the "no-fault” and uninsured motorist provisions of her liability policy.