**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**CHAMPION CYCLE CENTER, INC., a corporation, and Champion Kawasaki, Inc., a corporation, Defendants.**

No. 76 C 4412.

United States District Court, N. D. Illinois, E. D.

Jan. 18, 1978.

Carin Ann Clauss, Sol. of Labor, Herman Grant, Regional Sol., Suzan Chastain, Atty., Dept. of Labor, Washington, D. C., for plaintiff.

Harvey Paul Muslin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

This action arises under section 15(a)(2) of the Fair Labor Standards Act as amend-

ed, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or "the Act"), and is before us on the defendants' motion to dismiss or in the alternative for summary judgment. Plaintiff seeks to restrain defendants from violating the minimum wage provision contained in section 6 of the Act and the overtime provisions contained in section 7, and also to restrain defendants from withholding salary payments due their employees under these provisions. Defendants claim that they qualify for the exemption in section 13(b)(10)(A) of the Act covering salesmen, partsmen, and mechanics engaged primarily in the sales and service of automobiles because, they claim, motorcycles are automobiles within the meaning of the statute. Defendants also assert that, if the exemption for the sale and service of automobiles does not also extend to motorcycles, then the Act unconstitutionally discriminates between two like businesses. For the reasons herein stated, we deny defendants' motion.

 It is clear from the responses which defendants have filed to the plaintiff's request for admissions that, unless the section 13(b)(10)(A) exemption is available, the defendants have violated the minimum wage and overtime provisions of the Act. This exemption, which applies only to the Act's overtime requirements, provides:

> "The provision of section 7 shall not apply with respect to—any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is—employed in a non-manufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers."

The plaintiff contends that defendants do not qualify for this exemption.

The precise question of whether section 13 applies to the sales and service of motorcycles was before the court in *Brennan v. Leta Enterprises,* 21 Wage & Hour Cas. 442 (E.D.Mo.1973). Observing the established rule that the Act's exemptions are to be construed narrowly, and also noting the Supreme Court's strictures against strained interpretation of the Act's non-technical

terms (citing *Addison v. Holly Hill Fruit Products, Inc.,* 322 U.S. 607, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944)), the Court concluded that "the term automobile cannot be considered to encompass motorcycles." 21 Wage & Hour Cas. at 445. We believe that this construction of the Act is correct, and accords with the purposes of the Congress in creating exemptions to the Act.

Defendants assume that, because motorcycles are in some respects similar to automobiles, Congress must have intended to bring both classes of vehicles under this exemption. It is not surprising that they support this position primarily with cases involving state regulation of motor vehicles—an area where the similarity between automobiles and motorcycles is of obvious importance.

However, in developing exemptions to the FLSA, Congress was concerned not with the use or nature of the products exempted, but with the structure of the particular industries involved. The legislative history of these provisions shows that Congress considered profit levels, the types of workers involved, the importance of a given industry to the national and regional economies, and numerous other factors in determining which industries to exempt. Thus, it is not clear that the commission pay basis and unusual work schedules of some employees of automobile dealerships were the dispositive factors in the creation of this exemption. In fact, the various revisions of this provision since it was introduced in 1961 suggest that Congress had no intention of exempting all salesmen paid on a commission basis.

As first enacted, this provision also exempted salesmen, partsmen and mechanics who sold or serviced aircraft and trailers. Subsequently, Congress has limited the coverage of the exemption for aircraft to salesmen only and eliminated the trailer exemption altogether. Congress also created a new exemption for the salesmen, but not partsmen or mechanics, of boats (see § 13(b)(10)(B)). The evolutionary process by which these provisions have reached their present form shows a clear intention

on the part of the Congress to deal with this exemption on an industry by industry basis. No court should interfere with this plainly legislative process, particularly when the general trend of successive amendments to the FLSA has been to broaden coverage and trim the number of special exemptions.

Finally, there is nothing unconstitutionally arbitrary in the efforts of the Congress to reconcile the perceived need for remedial wage legislation with the special needs and vulnerabilities of particular industries. For the foregoing reasons we decline to dismiss this complaint or to grant summary judgment for the defendants. On the contrary, it would appear that, since defendants are not exempt from the Act, and there is no dispute that the defendants have not complied with the overtime provisions of the Act, plaintiff would appear to be entitled to summary judgment although he has not moved therefore.

An order denying defendants' motion to dismiss the complaint or for summary judgment will be entered.