In re Arthur N. DREWES, III, Debtor.

Norma Jean SIMPSON, Plaintiff,

v.

Arthur N. DREWES, III, Defendant.

Bankruptcy No. 96–12659–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Feb. 24, 1998.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH, for J. Christopher Marshall.

Arthur N. Drewes, Hooksett, NH, for Debtor.

John B. Herron, Becket & Lee L.L.P., Malvern, PA, for Creditor Associates National Bank

J. Alexander MacMartin, Gauthier Law Offices, Milford, NH, for Norma Simpson.

John T. Precobb, Harmon Law Offices, P.C., Newton Highlands, MA, for Baybank Mortgage Corp.

Jeffrey Schreiber, Schreiber & Associates, Danvers, MA, for Trustee.

Jeffrey B. Sisemoore, Sisemoore Professional Association, Chester, NH, for Debtor.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it an Objection to Claimed Exemption filed by Norma Jean Simpson ("Plaintiff"), an unsecured creditor. The Plaintiff objects to Arthur N. Drewes' ("Defendant") claimed exemption of $4,000 on a 1978 Harley Davidson motorcycle on Schedule C of his petition pursuant to section 511:2(XVI) of the New Hampshire Revised Statutes Annotated. *See* N.H. REV. STAT. ANN. § 511:2(XVI) (1996 & Supp.1997). For the reasons set out below, the Court sustains the Plaintiff's objection, and finds that a motorcycle is not an automobile under N.H. RSA § 511:2(XVI).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

■ The Defendant listed and claimed a $4,000 exemption under N.H. RSA § 511:2(XVI) on a 1978 Harley Davidson motorcycle on Schedule C of his petition. The motorcycle is listed on Schedules B and C with a value of $7,000. In addition, the Debtor listed a 1986 Dodge Charger with 144,000 miles, and a 1986 Ford F150 with 195,000 miles on Schedule B, both to which the Debtor assigned a nominal value.[1]

The Plaintiff objected to the Defendant's claimed $4,000 exemption,[2] asserting that a motorcycle is not an automobile for the purposes of New Hampshire law. *See* N.H. REV. STAT. ANN. §§ 511:2, 259:60(I), 259:63, 259:30, and 259:81 (1996 & Supp.1997). She claimed that if the legislature intended for motorcycles to be included under section 511:2, the statute would read to exempt a "motor vehicle" rather than an "automobile." For the reasons stated below, this Court agrees with the Plaintiff, and finds that a motorcycle is not an automobile under section 511:2(XVI).

Section 511:2 of the New Hampshire Revised Statutes Annotated states, in pertinent part:

> [t]he following goods and property are exempted from attachment and execution:
>
> ....
>
> XVI. One *automobile* to the value of $4,000.

§ 511:2(XVI) (emphasis added). This statute was amended once. In 1994, the legislature raised the $1,000 exemption to $4,000.

■ Section 511:2, as with all other statutes, must be read its plain meaning. *Summit Inv. and Dev. Corp. v. Curran*, 69 F.3d 608 (1st Cir.1995). *See In re Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (statute's plain meaning controls). The "plainness of discrete statutory language is to be gleaned from the statute as a whole, including its overall policy and purpose." *Summit Inv., and Dev. Corp.*, 69 F.3d at 610 (internal citations and quotations omitted). However, the First Circuit has stated that the plain readings of statutes should not yield "absurd results." *Summit Inv. and Dev. Corp.*, 69 F.3d at 610; *In re Ron Pair Enters, Inc.*, 489 U.S. at 242, 109 S.Ct. at 1031 ("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. In such cases, the intention of the drafters, rather than the strict language, controls.") (internal citations and quotations omitted).

■ Further, as this Court stated in *Schachter v. Fall*, where the Court held that a boat was not a motor vehicle under section 523(a)(9) of the Bankruptcy Code,[3] exemption statutes are to be liberally construed in favor of the Debtor. *Schachter v. Fall (In re Fall)*, 192 B.R. 16 (Bankr.D.N.H.1995) (*citing Willison v. Race (In re Race)*, 159 B.R. 857 (Bankr.W.D.Mo.1993)); *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7 (1st Cir.1996); *In re Vale*, 110 B.R. 396, 400 (Bankr.N.D.Ind.1989) (*citing In re Coleman*, 5 B.R. 76, 78 (Bankr.M.D.Tenn.1980) (*citing* 31 AM. JUR. 2D EXEMPTIONS §§ 3, 8 (1967)). The general purpose behind the Bankruptcy Code exemption statutes is to provide the debtor with a fresh start:

> The historical purpose of [ ] exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his credi-

---

1. This opinion considers only whether a motorcycle is an automobile under N.H. RSA § 511:2(XVI), not whether, and to what extent, the Defendant has other available modes of transportation.

2. At the time the Defendant filed bankruptcy, September 1996, N.H. RSA § 511:2 did not contain subsection XVIII, the wildcard exemption, which became effective on January 1, 1997, the same date that section 511:2–a, Nonavailability of Federal Bankruptcy Exemptions, was re-

pealed. The Court notes, however, that debtors who currently wish to exempt motorcycles may do so under this subsection, or may elect to exempt a motorcycle under section 522(d)(2) of the Bankruptcy Code, which provides an exemption up to $2,400 for "one motor vehicle." § 522(d)(2).

3. This section has been amended to add "watercraft, or aircraft" after "motor vehicle." H.R. REP. No. 105–324, 105th Cong. (1997) (Bankruptcy Amendment Act of 1997).

tors levy on all of his nonexempt property the debtor will not be left destitute and a public charge. [This] purpose has not changed....

H.R. REP. No. 595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6087.

■ However, liberal statutory construction and the well-accepted fresh start policy cannot overpower unambiguous statutory terms. The dictionary defines "automobile" as "a passenger vehicle designed for operation on ordinary roads and typically having four wheels[4] and a gasoline or diesel internal-combustion engine," RANDOM HOUSE UNABRIDGED DICTIONARY 141 (2d ed.1993), and "motor vehicle" as "an automobile, truck, bus, or similar motor-driven conveyance." RANDOM HOUSE UNABRIDGED DICTIONARY 1255 (2d ed.1993). *See* 7A AM. JUR. AUTO § 1 (1980 & Supp.1997) ("[T]o the average person and to the public mind it is common knowledge that the word 'automobile' indicates a motor-driven vehicle mounted on four wheels as distinguished from one mounted on two or three wheels, such as a motorcycle or bicycle."); *also* Honorable Margaret Dee McGarity, *The Basics; Debtor's Duties, Exemptions, Discharge and Dischargeability, in* BASICS OF BANKRUPTCY AND REORGANIZATION 1993 (PLI Comm. Law and Practice Court Handbook Series No. A4–4426, Aug.-Nov. 1993) ("An automobile, truck or motorcycle or other vehicle may qualify [as a motor vehicle].").

Thus, the logical question is whether it is true that all automobiles are motor vehicles, but not all motor vehicles are automobiles. Some courts have answered this in the affirmative, holding that the term "motor vehicle" is broader, and different from, the term "automobile." *Jernigan v. Hanover Fire Ins. Co.,* 235 N.C. 334, 69 S.E.2d 847 (1952); *State v. Ridinger,* 364 Mo. 684, 266 S.W.2d 626 (1954). In addition, in insurance law, the common approach is to follow common parlance: motorcycles usually are excepted from the definition of "motor vehicle." 8D JOHN ALAN APPLEMAN AND JEAN APPLEMAN, INS. L.

& P. § 5169.45 (1981 & Supp.1997) (*citing Glosson Motor Lines, Inc. v. Platt,* 363 N.Y.S.2d 445 (N.Y.Sup.Ct.1974); *Underhill v. Safeco Ins. Co.,* 284 N.W.2d 463 (Mich. 1979)); *Phillips v. Midwest Mut. Ins. Co.,* 329 F.Supp. 853 (W.D.Ark.1971); *Safeco Ins. Co. v. Vieth,* 109 Cal.Rptr. 493 (Cal.Ct.App. 1973); *Home Indem. Co. v. Hunter,* 288 N.E.2d 879 (Ill.App.Ct.1972).

Other courts, too, have held that the term "motor vehicle" does not encompass the term "motorcycle." The District Court for the Southern District of West Virginia, in deciding whether a truck violated odometer disclosure requirements, referred to 15 U.S.C. § 1901, the "Motor Vehicle Information and Cost Savings Act." *Davis v. Dils Motor Co.,* 566 F.Supp. 1360 n. 7 (S.D.W.Va.1983). That statute states that a "passenger motor vehicle" means "a motor vehicle with motive power, designed for carrying twelve persons or less, except (A) a motorcycle ...." 15 U.S.C.A. § 1901(1) (1982) (repealed 1994). Also, in *Marshall v. Champion Cycle Ctr., Inc.,* 443 F.Supp. 406 (N.D.Ill.1978), where mechanics claimed wage exemptions for overtime sales and service work on automobiles, the District Court for the Northern District of Illinois held that motorcycles were not included in the definition of "automobile."

Finally, other states' exemption statutes would allow for motorcycles to be exempted. Unlike New Hampshire RSA § 511:2, the scopes of those statutes are broader. *See* KAN. CIV. PROC. CODE ANN. § 60–2304(c) (1996) (exempting "one means of conveyance regularly used for the transportation of the person"); MONT. REV. CODE ANN. § 25–13–609(2) (1996) (allowing the exemption of "one motor vehicle"); TEX. PROP. CODE ANN. § 42.002(9) (1997) ("[A] two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another

---

4. Sidecars, often used to carry passengers, may be attached to motorcycles and would increase the wheel base from two wheels to three.

person to operate the vehicle for the benefit of the unlicensed person" is exempt).

The broader term "motor vehicle," however, does appear in other sections of the New Hampshire Revised Statutes Annotated. For example, N.H. RSA § 259:60 defines "motor vehicle" as follows:

I.   Except where otherwise specified in this title, any self-propelled vehicle not operated exclusively on stationary tracks, including ski area vehicles;

II.   As used in RSA 261:148 relative to municipal permits for registration, includes all trailers and semi-trailers as defined herein and travel trailers as determined by the commissioner of revenue administration; however, snow traveling vehicles as defined herein, mobile homes, house trailers and *mopeds* shall not be so included;

III.   For purposes of the financial responsibility statutes, any self-propelled vehicle not operated exclusively upon stationary tracks, except farm tractors, crawler-type tractors, and mopeds;

IV.   For purposes of the road toll statutes, all vehicles, engines, machines or mechanical contrivances which are propelled on the public highways by internal combustion engines, electric motors, steam engines, or other alternate sources of energy except human or animal power.

N.H. REV. STAT. ANN. § 259:60 (1993) (emphasis added).   New Hampshire RSA § 259:63 defines "motorcycle" as "every *motor vehicle* having a seat or saddle for the use of the rider and designed to travel on not more than 3 wheels in contact with the ground...." N.H. REV. STAT. ANN. § 259:63 (1993) (emphasis added).   Thus, the legislature has made it clear that motorcycles are to be included in the definition of motor vehicle.   Yet, the definition of automobile *limits* the meaning of motor vehicle: New Hampshire RSA § 259:80 defines "automobile" as "[a] motor vehicle of the private passenger or station wagon type ... or [a]ny other *4-wheel* motor vehicle...." N.H. REV. STAT. ANN. § 259:80 (1993) (emphasis added).

With all this in mind, the Court cannot disobey the plain meaning of the word "automobile" in N.H. RSA § 511:2(XVI).   Had the legislature intended to allow exemptions for motorcycles, the statute would read "motor vehicles" rather than "automobiles."   The legislature amended the statute once, but chose only to raise the exemption allowance, not change the type of vehicle for which the exemption may be claimed.   In the face of such a clear directive, there is no need to go beyond the plain meaning of the word, and this Court cannot, and will not,[5] legislate the word "automobile" to mean "motor vehicle" for the purposes of N.H. RSA § 511:2(XVI).

Therefore, for all of the foregoing reasons, the Plaintiff's objection is sustained.   This opinion constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052.   The Court will issue a final judgment consistent with this opinion.

---

**5.**   This Court has held that the "meaning of 'motor vehicle' is clear under both federal and state law...." *Schachter,* 192 B.R. at 22.   It would be disingenuous to hold now that the meaning of "automobile," however, is not.