Sheldon S. Levy, J.
This case presents another first impression situation for determination of the applicability of the "no-fault” law.
Motion by defendant to dismiss the summons and complaint on the ground that plaintiff has failed to allege "a serious injury”, pursuant to the Comprehensive Automobile Insurance Reparations Act (Insurance Law, § 673, subd 1; see also CPLR 3016, subd [g]). Plaintiff responds that no such allegation is necessary since the cause does not fall within the purview of the automobile "no-fault” law as "arising out of negligence in the use or operation of a motor vehicle” (Insurance Law, § 673, subd 1).
The facts are simple, but classic. Defendant’s fuel truck was delivering oil to a multiple dwelling. In so doing, the fuel hose extended from the truck across the public sidewalk to the building. Plaintiff, a pedestrian, was injured when she tripped over the hose while she was traversing the sidewalk.
As to these facts, it is admitted that the truck was not in motion when the plaintiff sustained damage and also that the plaintiff did not trip over the truck.
Initially, it is well-known that a fuel delivery truck must employ its motor to pump the oil out of the truck, through the hose and into a building’s oil receptacle or tank. Who among us has not been annoyed — ofttimes late at night — by the *96 motorized moans, drones and groans of such an operation? Accordingly, a decision in this case could readily be premised alone on the fact that the oil truck was actually in "operation” upon the occasion of plaintiffs injury.
However, I prefer not to rely solely upon that base. The truck was also clearly in "use” at that time, within the meaning of the statute. "Use” and "operation” are both legally and factually distinctly different (McConnell v Fireman’s Fund Amer. Ins. Co., 79 Misc 2d 219, 221, affd 49 AD2d 676). An oil delivery truck has a particular use, namely, to deliver oil to a specified location. At the time of the accident, the truck was concededly being used for such purpose. Any ongoing activity relating to the vehicle, which is in conformity with its normally intended purpose, should constitute a "use” of such vehicle sufficient to call forth the mandatory requirements of the subject statute.
Somewhat similar, although not identical, fact patterns have been similarly interpreted.
When a plaintiff slipped on an accumulation of oil being pumped from a truck to a ship, it was held that the accident arose from the "use” of the oil delivery truck (Landolphi v Wilhelmsen, 39 Misc 2d 950).
When a plaintiff was injured while helping to unload a parked tractor trailer, it was held that the accident arose from the "use” of the truck (Aranzullo v Collins Packing Co., 18 AD2d 1068, affd 14 NY 2d 578).
Moreover, the same conclusion as reached by this court, on an identical fact pattern, was voiced by Mr. John Reierson of the New York State Insurance Department at a "no-fault” arbitration seminar recently conducted by the American Arbitration Association and reported in a New York Law Journal column by Mssrs. Neil T. Shayne and Norman H. Dachs (see Shayne & Dachs, Economics and "No Fault”, NYLJ, Nov. 25, 1975, p 1, col 1).
Although in this case, the actual negligence, if any, which caused plaintiffs fall, may have been the manner of use and placement by defendant’s truck driver of the fuel hose, the hose was most certainly an appurtenance of the truck; was attached thereto at the time; and was being used for the purpose for which it was intended, i.e., removing oil from the truck and funneling it into subject building. The delivery man, although not ensconced in his usual position as a driver, *97 was surely in the process of using both the truck and the hose in the delivery of oil.
Nor should the "no-fault” statute be unduly constricted in its application to deny initial first-party benefits to persons injured by truckmen in the course of their official duties, even though not actually in the driver’s seat operating their trucks. In addition, of course, if threshold requirements are overcome, such injured parties may also seek full compensatory damages for pain and suffering. The statute should be employed as a sword to gain immediate benefits for the injured, not as a shield to minimize an insurer’s potential damages. Nevertheless, the clear conditions precedent set forth by statutory enactment must be satisfied.
Accordingly, no allegation of "serious injury” is pleaded as required, and the complaint must be dismissed. The motion, therefore, is granted, but with leave to plaintiff to replead in proper form, if and when legal prerequisites are met and as she may be advised.