■ Evelyn R. Reisinger et al., Respondents, v Allstate Insurance Company, Appellant.—Judgment reversed, without costs, defendant's motion granted, and complaint dismissed. Memorandum: Plaintiffs seek to recover first-party benefits for injuries sustained by Evelyn R. Reisinger when the gas cook stove in the insured "mini motor home" exploded during use. At the time the motor vehicle was parked in a campground and Mrs. Reisinger was preparing breakfast. The vehicle is of a familiar type, motorized, with living quarters built into the vehicle. Appellant issued the policy on the vehicle which included standard no-fault coverage. Article XVIII of the Insurance Law, the Comprehensive Automobile Insurance Reparations Act, calls for the payment of first-party benefits to reimburse a person for basic economic loss on account of personal injury arising out of the "use or operation" of a motor vehicle. Plaintiffs contend that "use or operation" is broad enough to include any use for which the vehicle was designed. We disagree. The no-fault coverage required by the statute applies for use of the motor vehicle qua motor vehicle, not the use of equipment built into the vehicle to serve some other function (see McConnell v Firemen's Fund Amer. Ins. Co., 49 AD2d 676; 12 Couch, Insurance [2d ed], § 45:47). All concur, except Cardamone, J. P., who dissents and votes to affirm the judgment on the decision at Special Term, Mastrella, J. (Appeal from judgment of Monroe Supreme Court—summary judgment—insurance policy.) Present—Cardamone, J. P., Simons, Hancock and Denman, JJ.