*679 OPINION OF THE COURT
Martin Rodell, J.
The petitioners move to confirm the award of an arbitrator of the No-Fault Arbitration Tribunal, dated December 6, 1978, and for counsel fees. The respondent cross-moves to vacate said award.
On May 27, 1977 the petitioners were injured when a gas stove in their parked trailer exploded. At the time of the accident the petitioners were operating said trailer as a hot dog vending stand at a street festival. A gas range in the trailer was being used to cook foods to be sold at the festival. The automobile to which the trailer was attached was insured by the respondent Allstate Insurance Company.
The respondent claims that the arbitrator exceeded his powers in that there was no rational basis for the award, contending that the injuries were not sustained through the use or operation of a motor vehicle.
It has long been held that a court may not substitute its own judgment for that of an arbitrator and that an arbitrator’s award is not reversible for errors of law or fact. (Matter of W. M. Girvan, Inc. v Robilotto, 40 AD2d 1060.) However, the Court of Appeals has put this theory to rest. In Mount St. Mary’s Hosp. v Catherwood (26 NY2d 493) the court held that the limited scope of review found in CPLR 7511 was appropriate to consensual arbitration but in cases of compulsory arbitration, due process requires a broad interpretation of CPLR 7511.
The court determined that in compulsory arbitration cases, the judicial review relating to the issue of an arbitrator exceeding his power (CPLR 7511) is to include review of "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record.” (Mount St. Mary’s Hosp. v Catherwood, supra, p 508.)
There is no doubt that article 18 of the Insurance Law requires compulsory arbitration of first-party benefits.
Applying the standard set forth in Mount St. Mary’s Hosp. v Catherwood (supra), the question presented here is whether there is a rational basis for the conclusion made by the arbitrator in this matter.
The court finds that the arbitrator’s award was not founded in reason or based upon a rational determination.
At the time of the stove explosion the petitioners’ trailer *680 was parked at a “street festival,” and the petitioners were preparing hot dogs and sausages to be sold at said festival. Article 18 of the Insurance Law calls for the payment of first-party benefits to reimburse a person for basic economic losses because of personal injury arising out of the use or operation of a motor vehicle. The petitioners contend that “use or operation” includes the use to which the vehicle herein was put.
The court does not agree. “No-Fault coverage required by the statute applies to use of the motor vehicle qua motor vehicle, not the use of equipment built into the vehicle to serve some other function.” (Reisinger v Allstate Ins. Co., 58 AD2d 1028, affd 44 NY2d 881, citing McConnell v Firemen’s Fund Amer. Ins. Co., 49 AD2d 676.)
The court finds that the injuries in the instant matter were not sustained in connection with the operation of the covered automobile.
The court notes that the respondent claims that an exclusionary clause in the contract of insurance would have served as an effective and binding disclaimer. However, it appears that the subject, not having been brought before the arbitrator by the respondent, is not reviewable by this court.
Accordingly, the petitioners’ motion is denied in all respects and the cross motion is granted.