## Wagner v. Nationwide Insurance Company

**526** 

*Robert E. Simpson, Jr.,* for plaintiff.
*Joseph F. Leeson,* for defendant.

WILLIAMS, *P.J.,* April 8, 1980—This matter, which is before the court on the motions of both plaintiff and defendant for summary judgment, presents a novel question concerning the applicability of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §§1009.101-1009.701. Since the parties agree that the facts necessary for our resolution of this matter are not in dispute, we will address the merits of the issue presented to us.

On a rainy April day in 1977, a van equipped as a lunch wagon was parked at the site of an auction. The electricity needed to operate the van as a food service facility was supplied through a cord running from the van into a nearby home. Plaintiff, who noticed the cord lying on the ground and who realized that it supplied electricity to the van, approached the van to get something to eat. Because of the rain, workers inside the van told plaintiff to come to a door rather than to the service window. When plaintiff put his hand on the door handle, electricity passed through his body and held him in place. Plaintiff was not able to break free until someone stopped the flow of the current. Plaintiff

filed a claim, pursuant to the no-fault insurance policy issued by defendant, for the injuries which he had sustained. Defendant has refused to pay the claim, arguing that the van was not being used as a vehicle at the time plaintiff was injured and that plaintiff, therefore, is not entitled to no-fault insurance benefits.

Under 40 P.S. §1009.301(a), recovery under the No-fault Act arises when plaintiff's injury "arises out of the maintenance or use of a motor vehicle." The statute defines maintenance or use of a motor vehicle as "maintenance or use of a motor vehicle *as a vehicle,* including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it." Id., §1009.103. (Emphasis supplied.)

Defendant does not dispute the fact that the van was a motor vehicle as defined by the No-fault Act.[1] Defendant contends, however, that the van was being used as a food service facility, not as a vehicle, when plaintiff was injured. Plaintiff recognizes that the van had two functions—food service and transportation. He argues that the two functions existed simultaneously and that the use of the van as a vehicle was not displaced by its use as a food service facility. In essence, plaintiff reasons that, since the van had the characteristics of a vehicle, no-fault coverage entitles him to recover from defendant.

The purpose of the No-fault Act, and of the insurance policies issued pursuant to it, is to compensate people who are injured as the result of the use of

---

1. "'Motor vehicle' means a vehicle of a kind required to be registered under . . . The Vehicle Code." 40 P.S. §1009.103.

motor vehicles as a means of transportation.[2] See 40 P.S. § 1009.102. Thus, the legislature requires that the injury must occur incident to the maintenance or use of a motor vehicle *as a vehicle*. Were we to accept plaintiff's rationale, we would be forced to conclude that the words "as a vehicle," included in section 1009.103, are superfluous. This we decline to do.

Although our research has not revealed any Pennsylvania decisions on this issue, we take note of two New York decisions which are sufficiently analogous to the case presented to us to support our resolution of this issue. In Reisinger v. Allstate Insurance Co., 58 A.D. 2d 1028, 397 N.Y.S. 2d 52 (1977), plaintiff was injured when a gas stove in a mini-motorhome exploded. In LaCova v. Allstate Insurance Co., 99 Misc. 2d 678, 416 N.Y.S. 2d 700 (1979), plaintiff was also injured when a gas stove exploded. That stove was located in a trailer which was being used as a hot dog stand at a street festival. The courts in both cases ruled that plaintiffs were not entitled to no-fault benefits. They reasoned that no-fault coverage applies to use of a motor vehicle as a motor vehicle and not to the use of equipment built into a vehicle to serve some other function.

In the case before us, plaintiff's injury was caused by an electric current supplied to the van so that it could function as a food service unit. The electricity was vital to the van's food service function but prevented use of the van as a vehicle for

---

2. Consistent with this purpose is a notation in the automobile insurance regulations that no-fault coverage does not apply to injuries sustained while maintaining or using a motor vehicle while it is located for use as a residence: 31 Pa. Code § 66.2(A).

transportation. In addition, we note that plaintiff's purpose in approaching the van was to get something to eat and not to use it as a means of transportation. Thus, in our opinion, plaintiff's injuries did not arise out of the use of the van as a vehicle, and plaintiff is, therefore, not entitled to no-fault benefits.

Wherefore, we make the following

## ORDER

And now, April 8, 1980, the motion of defendant, Nationwide Insurance Co., for summary judgment is granted. Plaintiff's motion for summary judgment is hereby denied and dismissed. Judgment is entered for defendant.