■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant-Respondent, v AETNA CASUALTY & SURETY COMPANY, Respondent-Appellant, and DANIEL C. DWYER, an Infant, by JAMES DWYER, His Father and Natural Guardian, et al., Respondents.—Order unanimously reversed, with costs to plaintiff, United's motion granted and judgment entered in its favor in accordance with the following memorandum: The insured volunteered the use of her own car to transport six children including her son on a field trip from St. Rose of Lima School to the Buffalo Museum of Science. While en route the boys were laughing and talking but there is no proof of roughhousing. At one point she heard her son say "cut it out" and she turned and told the boys to stop. One of the boys then said that another boy had been hit in the eye with a wadded up tinfoil gum wrapper used as a "spit ball". The plaintiff whose eye was injured by this incident was a 12-year-old seventh grader. The family of the injured infant commenced suit against several defendants, including the insured. In her case, the claim is based on alleged negligent supervision and control. Thereafter, a declaratory judgment action was commenced and the plaintiff and defendant insurance carriers each moved for summary judgment, asserting that the other owed a duty to defend the insured in the negligence action. Plaintiff-appellant United Services Automobile Association (United) is the insured's automobile liability carrier, and defendant-respondent Aetna Casualty & Surety Co. (Aetna) is the insured's homeowners' liability carrier. We reverse the order at Special Term which denied summary judgment to either party. This occurrence did not arise out of the "ownership, maintenance or use" of the motor vehicle. Not every injury occurring in or near a motor vehicle is covered by the phrase "use or operation". The accident must be connected with the use of an automobile *qua* automobile *(Reisinger v Allstate Ins. Co.,* 58 AD2d 1028, affd 44 NY2d 881). Where the operation or driving function of an automobile or the condition of the vehicle itself is not the proximate cause of the injury, the occurrence does not arise out of its use or operation *(McConnell v Fireman's Fund Amer. Ins. Co.,* 49 AD2d 676, 677; see *Brown v Allstate Ins. Co.,* 69 AD2d 1013; *Walters v Government Employees Ins. Co.,* 66 AD2d 779; *Nassau County Ch. of Assn. for Help of Retarded Children v Insurance Co. of North Amer.,* 59 AD2d 525). The fact that the plaintiff was injured by an assault while riding as a passenger does not bring the claim within coverage since the use of the motor vehicle must be the proximate cause of plaintiff's injuries to come within the ambit of the "use or operation" clause *(McConnell v Fireman's Fund Amer. Ins. Co.,* supra; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson],* 71 AD2d 1004). Aetna's argument that it has no duty to defend its insured is based solely on the argument that there is coverage by United. Coverage "E" of the Aetna policy also provides personal liability insurance. Aetna's argument that its policy does not provide coverage is based on an exclusion for bodily injury "arising out of the ownership, maintenance, operation, use * * * of * * * any motor vehicle." Aetna as the homeowners' carrier understandably does not want to provide coverage already specifically covered by the auto carrier. However, there is no reason to construe the phrase "arising out of" any differently for a homeowners' policy exclusion than for an auto carrier's coverage clause. To construe these identical phrases differently would leave open the possibility that some occurrences could escape coverage on both policies. In granting summary judgment in favor of United and declaring the rights of the parties, we hold that United has no duty to defend and/or indemnify in this action and that Aetna has the obligation to defend and, if required, to indemnify, its insured. (Appeals

from order of Erie Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.