■ In the Matter of the Arbitration between PAIGE PIERCE, Respondent, and UTICA MUTUAL INSURANCE COMPANY, Appel-

lant. — Mikoll, J. 

This matter was submitted to arbitration upon stipulated facts. Petitioner was injured while "parasailing" over the frozen surface of Fourth Lake in Inlet, Hamilton County. Her "parakite" at the time was attached by rope to the back of a 1973 Chevrolet pickup truck insured by respondent. Petitioner was injured while landing.

Petitioner's claim for first-party no-fault benefits was denied by respondent and the matter went to arbitration (see, Insurance Law § 5106). Finding that petitioner's injuries arose out of the use of a motor vehicle, the arbitrator determined that petitioner was eligible for benefits. Upon review, a master arbitrator ruled that the arbitrator assumed nonexistent facts in arriving at his decision, thereby exceeding his powers, and that there was a lack of proof that the accident arose out of the inherent nature of the motor vehicle.

Petitioner then brought this application to vacate the decision of the master arbitrator. Special Term granted the application and reinstated the award of the original arbitrator. This appeal by respondent ensued.

The order of Special Term should be affirmed. The determination of the master arbitrator that the stipulated facts were insufficient as a matter of law to permit a finding that the injury to petitioner arose out of the use of the automobile is erroneous. The operation of the vehicle caused the parakite to be airborne and, at the time of the landing, the parakite was still attached to the vehicle. The arbitrator could infer from these facts that the use of the motor vehicle was a proximate cause of the injuries to petitioner (see, Yanis v Texaco, Inc., 85 Misc 2d 94). Therefore, the decision of the original arbitrator had a rational basis. The master arbitrator exceeded his authority in basing his decision on an improper de novo review of the arbitrator's decision and in making an impermissible independent evaluation of the evidence (see, Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212).

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.