*359 OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented here is whether the plaintiff’s injuries, which allegedly occurred when he caught his leg on a twisted and jagged edge of the bumper of defendant’s uninsured legally parked automobile, can be deemed an accident involving the "use and operation” of a motor vehicle so as to entitle him to make a claim against the Motor Vehicle Accident Indemnification Corporation (MVAIC) pursuant to article 52 of the Insurance Law.
Before the court is a motion by the firm of Evans, Orr, Pacelli, Norton & Laffan, attorneys for MVAIC, to withdraw as counsel for defendant Young Keum Park, and relieve MVAIC from any responsibility to provide a defense to Park and/or pay any judgment that plaintiffs may obtain against him.
Although the parties appear to be correct in stating that there is no reported case determining whether an injury as a result of contact with a parked vehicle may be deemed an "accident” arising out of the "use and operation” of a motor vehicle as those terms are used in article 52, cases have interpreted similar language in the No-Fault Law (art 51).
In Wooster v Soriano (167 AD2d 233 [1st Dept 1990]), it was held that although the owner of an illegally parked truck may under certain circumstances be held liable to a pedestrian injured as a result of the negligence of a bicyclist, the "serious injury” threshold of Insurance Law § 5102 would be inapplicable because the accident would not have occurred out of the "use and operation” of the truck "since the unoccupied vehicle was merely parked on a public street and was not, at that time, being used or otherwise engaged in some ongoing activity” (Wooster v Soriano, at 234).
Similarly, in McConnell v Fireman’s Fund Am. Ins. Co. (49 AD2d 676 [4th Dept 1975]), it was concluded that the "unoccupied locked vehicle parked on a public street in front of the owner’s residence was not being used” within the meaning of the No-Fault Law. (Supra, at 677.)
Other cases dealing with injuries involving automobiles held not to have resulted from their use and operation are: Reisinger v Allstate Ins. Co. (58 AD2d 1028 [4th Dept 1977], affd 44 NY2d 881 [1978] [explosion of a gas stove in a motor home]), Matter of La Cova v Allstate Ins. Co. (99 Misc 2d 678 [Sup Ct, Queens County 1979] [gas stove explosion in a parked *360 trailer, attached to an automobile]), Donaldson v Macey (122 Misc 2d 256 [Sup Ct, Essex County 1983] [plaintiff injured when his vehicle struck a cable attached to a truck stuck in snow 25 feet off the highway]), and Thomas v Travelers Ins. Co. (54 AD2d 608 [4th Dept 1976] [person struck when he was about to enter his parked automobile]).
The facts in the above cases are to be contrasted with instances where although the vehicle is parked, it is nevertheless being used for its intended purpose. For example, in Matter of Celona v Royal Globe Ins. Co. (85 AD2d 635, 636-637 [2d Dept 1981]), an illegally parked oil truck, which had its motor running as a power source for the fuel pump, was held to be in use, the Court stating that any "on-going activity relating to the vehicle, which is in conformity with its normally intended purpose, should constitute, a 'use’ of such vehicle”. Hence, its no-fault insurer was held liable for benefits to a pedestrian struck by a motorcycle upon a finding that the illegal parking of the truck was a proximate cause of the accident. (See also, Yanis v Texaco, Inc., 85 Misc 2d 94 [Civ Ct, NY County 1975].)
Since there is no reason to interpret the term "use and operation” in article 52 any different from that employed in article 51, plaintiff’s injuries cannot be said to result from any use or operation of defendant’s unattended parked vehicle. Thus, MVAIC has no responsibility to defend this action or provide compensation to plaintiff. Accordingly, the motion before the court is granted, and this action is stayed for 30 days from the date of service of a copy of this order upon defendant to enable him to obtain replacement counsel.