OPINION OF THE COURT
Alan L. Lebowitz, J.
Motions calendared 3212, 3697 and 3004 are consolidated for disposition herein.
The genesis of this litigation is an accident which occurred on March 30, 1997. On that date a vehicle, with a ride known as the Whip secured to its rear, was driven to 337 Chesterton Avenue, Staten Island, by the defendant, Henry Lauterbach, accompanied by his friend Laurana Cipolla, with the apparent permission of the owner, so that people at a party could use and enjoy it. Mr. Lauterbach authorized Ms. Cipolla to operate the Whip ride, and it is alleged that she did so in a manner causing injuries to a number of individuals who ultimately sued the owner of the truck and ride, Dominick Yodice, doing business as Mickey’s Rides N More (Mickey’s). Mickey’s believed it had insurance coverage for this incident by virtue of a Progressive Casualty Insurance Company (Progressive) policy covering the vehicle that houses the Whip ride. Progressive disclaimed coverage for the reasons stated herein below, and this litigation ensued.
Progressive, by motion 3212, seeks summary judgment declaring that it is required to neither defend nor indemnify Mickey’s, which is a defendant in a personal injury action commenced by those individuals alleged to have been injured on the Whip under the circumstances described above. The Whip is a mobile amusement ride permanently secured to the back of Mickey’s truck which truck is insured by Progressive under a commercial auto policy.
*865 Progressive argues that the policy exclusion which provides no coverage for “bodily injury or property damage caused by or through the ownership, use or operation of any mobile equipment or other apparatus attached to or pulled by your insured auto except while your insured auto is in transit on a public road” absolves it from any liability under the policy. Although the ride does not appear to meet the definition of “mobile equipment” as that term is defined in the policy, it is consistent with the definition of “other apparatus attached to” the insured truck. Further, and assuming arguendo that the ride is otherwise considered “mobile equipment” under the policy’s definition, the definition of “insured auto” does include “mobile equipment”, but “only if it is permanently attached to your insured auto and your insured auto is in transit on a public roadway.” The truck was not in transit, but was stationary at the time of the incident in question. Thus, the truck, or at least that portion of it which is considered to be the Whip ride, does not appear to fall within the definition of “insured auto.”
Defendants Lauterbach and Cipolla, in opposition to the motion, argue that the exclusion relied upon by Progressive is illegal and unenforceable because it is not an authorized exclusion pursuant to 11 NYCRR 60-1.2. 11 NYCRR 60-1.2 provides that an owner’s policy of liability insurance may contain in substance the following exclusions, none of which is applicable here:
“(a) while the motor vehicle is used as a public or livery conveyance;
“(b) liability assumed by the insured under any contract or agreement; and
“(c) while the motor vehicle is used for the towing of any trailer or semitrailer owned or hired by the insured and not covered by like insurance with the insurer; or while any trailer or semitrailer covered by the policy is used with any motor vehicle owned or hired by the insured and not covered by like insurance with the insurer;
“(d) Bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of:
“(1) domestic employment by the insured, if benefits therefore are in whole or in part either payable or required to be provided under any workers’ compensation law; or
“(2) other employment by the insured.
“(e) Any obligation for which the insured or any carrier as his insurer may be held liable under any workers’ compensa *866 tion, unemployment compensation or disability benefits law, or any similar law.
“(f) Injury to or destruction of property owned or transported by the insured or property rented to or in charge of the insured or property as to which the insured is for any purpose exercising physical control;
“(g) Bodily injury, sickness, disease or death, or injury to or destruction of property due to war, whether or not declared civil war, insurrection, rebellion or revolution, or any act or condition to any of the foregoing;
“(h) To the extent the Federal Tort Claims Act provides coverage and protection when the insured vehicle is being operated in the course of employment by an agent, servant and/or employee of the United States government, its territories, possessions, political subdivisions, agencies or other independent governmental corporations.”
On this point it is well settled that under the maxim expressio unius est exclusio alterius, such exclusions outside the regulation are void and unenforceable (Rosado v Everyday Ins. Co., 34 NY2d 43, 48; see also, United States v Government Empls. Ins. Co., 612 F2d 705).
The lack of applicability of the exclusion does not save the day for defendants, however. The policy by its terms requires Progressive to pay damages for which the insured is legally liable because of an accident, which is defined as: “a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes bodily injury or property damage and arises out of the ownership, maintenance or use of your insured auto.” (Emphasis in original.)
Not every accident involving an automobile concerns the use or operation of that vehicle. The accident must be connected with the use of the automobile qua automobile. The use of the automobile as an automobile must be the proximate cause of the injury (Matter of New York Cent. Mut. Fire Ins. Co. [Hayden], 209 AD2d 927; United Servs. Auto. Assn. v Aetna Cas. & Sur. Co., 75 AD2d 1022, citing, inter alia, Reisinger v Allstate Ins. Co., 58 AD2d 1028, affd 44 NY2d 881). The inherent nature of an automobile is to serve as a means of transportation to and from a certain location (Levitt v Reluso, 168 Misc 2d 239, 244). The accident in question did not arise out of the use or operation of the truck as a truck, i.e., as a means of transportation; it arose out of the operation of a business operating a ride, which happened to be permanently secured to the back of *867 a stationary vehicle. This factor distinguishes the matter sub judice with the situation in Royal Indem. Co. v Providence Wash. Ins. Co. (92 NY2d 653) cited in opposition to Progressive’s motion. In Royal Indem., a tractor trailer being driven in furtherance of a trucking business struck and injured a bicyclist. Although the policy covering the vehicle had a non-trucking use exclusion, the accident was the result of the use of the truck qua truck, i.e., as a means of transportation.
Consequently, because the known facts do not give rise to the possibility of coverage under any interpretation, there is no duty to defend or indemnify (see, Lehrer McGovern Bovis v Halsey Constr. Corp., 254 AD2d 335 [2d Dept]).
Accordingly, Progressive’s motion for summary judgment (calendar No. 3212) is granted.
Under motion calendared 3004 Mickey’s Rides N More seeks summary judgment for a declaration mandating Scottsdale to insure and defend Mickey’s with regard to the lawsuit brought against Mickey’s. Scottsdale cross-moves for summary judgment under calendar number 3697.
Mickey’s avers that it purchased a policy of insurance from Scottsdale covering the Whip ride. Mickey’s relies on a certain document entitled “Certificate of Insurance” listing Mickey’s as the insured, for a commercial general liability policy for the period March 16, 1997 through March 16, 1998, having $1,000,000 personal injury limits, and describing the insured operations as “1 Whip Ride.” However, as Scottsdale points out, this certificate also provides in bold lettering, the following caveat: “This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.” (Emphasis added.)
This certificate was prepared by Mickey’s broker, Anthony Viscuso Brokerage, Inc., and consequently, it is not binding on Scottsdale. As Scottsdale correctly asserts, a broker is ordinarily an agent of the insured and not of the insurer (Incorporated Vil. of Pleasantville v Calvert Ins. Co., 204 AD2d 689 [2d Dept]).
Thus, it appears that Mickey’s reliance on this document is misplaced.
Further, the declarations page describes a “Moonwalk” ride as the insured operation. Once a declarations page and insur *868 anee policy has been received,* it constitutes “conclusive presumptive knowledge” of the terms and limits of a policy (Madhvani v Sheehan, 234 AD2d 652). The declarations page offers an insured an opportunity to review the policy limitations and to request additional coverage (id.).
Mickey’s must have been aware of the existence of the limited coverage provided by the declarations page as it immediately contacted Progressive through its broker and requested to add coverage for a Whip ride. Progressive’s agent and underwriter, I. Arthur Yanoff & Co., Ltd., faxed a response stating, in no uncertain terms, that “this coverage (for the Whip ride) is not binding. This coverage is a Submit underwriters at carriers for their approval only — Advise details of ride * * * to reiterate: Coverage is not enforce [sic].” The binder/endorsement order was returned to make defendant’s broker, Anthony Viscuso, with the handwritten marking, “request is null and void.” Other correspondences and faxes made it unequivocal that the Whip ride was considered a separate risk not covered by the policy. Coverage for the Whip ride was not afforded until April 23, 1997.
Thus, Mickey’s has failed to demonstrate its entitlement to summary judgment declaring that Scottsdale is obligated to insure and indemnify it for the claims interposed by the injured individuals must fail.
Accordingly, Mickey’s motion for summary judgment is denied. Scottsdale’s cross motion for summary judgment is granted.

 There is no evidence of actual receipt of this declarations page by Mickey’s, but knowledge of its contents may be inferred for the reasons discussed hereafter.