Martin- B. Stecher, J.
On the night of January 19, 1971, Andrew Lynton, while driving his father’s Volkswagen on an eastside Manhattan street drew abreast of a double-parked taxi. The cab was too close to the vehicles parked at the curb to its left, so its exiting passenger opened the street-side door just in time for it to meet Andrew’s oncoming car. There is little doubt that both the cab driver and passenger were negligent; that Andrew was free of neglect; and that the consequent damage was in the sum of $404.29. Prior to instituting this action Andrew’s father settled his claim against the taxi company for $250 delivering a release which reserved ‘ ‘ however, all claims * * * that I may have against ’ ’ the passenger, the defen-
dant herein. This release will not, of course, discharge the negligent passenger (General Obligations Law, § 15-104, Plath v. Justus, 33 A D 2d 833); and the plaintiff being free of contributory negligence, may have judgment against her (cf. Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755).
The defendant, as third-party plaintiff, contends that she is an additional assured under the taxi company’s policy of liability insurance and is therefore entitled to both indemnification and a defense.
In accordance with the requirements of section 370 of the Vehicle and Traffic Law the policy provides that it shall “ inure to the benefit of any person legally operating any motor vehicle described herein in the business of the insured ’ ’ provided of course that such operation is with the latter’s permission. The issue narrows to one question; does the act of the passenger in opening the door of a taxicab or other motor vehicle constitute “ operating ” it within the meaning of the policy? I hold that it does.
The statutory scheme of the Insurance Law (§ 167, subd. 1) and the Vehicle and Traffic Law (arts. 6, 7, 8, 11) reveal a legislative intent to provide compensation by insurance to ‘ ‘ innocent victims of motor vehicle accidents ” (Vehicle and Traffic Law, § 310, subd. [2]).
To give effect to that purpose the courts have liberally construed words such as “insured”, “operate” “use”, “ occupy ” and the like so that people damaged in their persons or property through occurrences involving motor vehicles would have the benefit of mandated insurance coverage. Thus, a school district has been held to be an “insured” within the meaning of the statute (Vehicle and Traffic Law, § 370) in an action brought against the school district arising out of an assault by one pupil passenger upon another (Board of Educ. v. Travelers Ind. Co., 25 A D 2d 599). A vehicle was deemed to *781 be in “ operation ” for the purposes of section 388 of the Vehicle and Traffic Law while it was halted and being unloaded and the unloading crew were deemed to be using or operating it within the meaning of that statute (Stole v United States Steel Corp., 34 Misc 2d 103). A person who has just left a taxicab and is standing on the sidewalk paying a cab driver has been held to be “ vehicle oriented ’ ’ and therefore an ‘1 occupant ” of the cab within the meaning of section 617 of the Insurance Law (Matter of Allstate Ins. Co. v Flaumenbaum, 62 Misc 2d 32, 45-46) and therefore the beneficiary of the uninsured motorist indorsement.
The act of a passenger in opening the door of a taxicab is within the contemplation of the owner’s business (indeed, if a New York City cab driver got out to open a passenger’s door, it would be, for the passenger, a memorable event); such an act can obviously cause property damage or personal injury of the character, if not the severity, of an automobile collision; and as such must be deemed an “ operation ” of the vehicle with the assured’s consent.
The third-party defendant (the insurer) protests that it has already settled the plaintiff’s claim once and should not be required to respond in damages a second time. The answer of course is that Shamrock was itself Miss Metcalf’s insurer and owed her a duty of good faith, which in the context of this case “ means an adequate protection of the interests of the assured * * * It is absolutely no answer for the company to say it paid * * * if in so doing it fully protected one of its insureds and left the other completely exposed” (Smoral v. Hanover Ins. Co., 37 A D 2d 23, 25).
Judgment may be entered in favor of the plaintiff against the defendant in the sum of $154.29, with interest from January 19,1971. Judgment may be entered in favor of the third-party plaintiff against the third-party defendant in the amount of plaintiff’s total judgment together with the sum of $100 as attorney’s fees for the defense which the third-party defendant should have afforded the third-party plaintiff.