■ LAWRENCE A. MCCONNELL, Appellant, v FIREMAN'S FUND AMERICAN INSURANCE COMPANY, Respondent.—Judgment and order unanimously affirmed, with costs. Memorandum: Plaintiff appeals from an order granting defendant's motion for summary judgment. The facts are not in dispute. Plaintiff, on the evening of February 12, 1974 while operating a snowmobile and apparently due to a mechanical malfunction, struck a locked and unoccupied automobile owned by Josephine Pantola which was parked in the street in front of her residence. The automobile was insured by defendant under a policy containing the standard New York mandatory personal injury protection endorsement which provided for payment of "first party benefits" to persons, other than occupants of another automobile, for loss arising out of the use or operation in the State of such motor vehicle (Insurance Law, § 672, subd 1, par [a]). Upon defendant's rejection of plaintiff's claim for such benefits on the ground that the loss did not arise out of the use or operation of the insured vehicle, this litigation ensued. Upon the parties' cross motions for summary judgment Special Term granted defendant's motion, determining that plaintiff's loss did not arise out of the use or operation of the insured vehicle, within the statutory meaning of said requirement which entails "some on-going activity" relating to the subject vehicle. The sole question here presented, which would appear to be a case of first impression since enactment of this State's "Comprehensive Automobile Reparations Act", commonly known as the "No-Fault Insurance Law", is whether a vehicle parked in front of the insured owner's

residence on a public street is being "used" within the meaning of said section 672 (subd 1, par [a]) of the Insurance Law. The phrase "use or operation" contained in various statutory enactments of this State pertaining to motor vehicles is not without precedent and established decisional interpretation. Section 253 and predecessor sections of the Vehicle and Traffic Law pertain to process service amenability resulting from use or operation of a motor vehicle in this State by a nonresident *(Aranzullo v Collins Packing Co.,* 18 AD2d 1068, affd 14 NY2d 578; *Wahler v Thompson,* 36 Misc 2d 847, mod 26 AD2d 895, app withdrawn 20 NY2d 765; *Landolphi v Wilhelmsen,* 39 Misc 2d 950). Section 388 and predecessor sections of the Vehicle and Traffic Law pertain to vicarious liability of owner resulting from use or operation of a motor vehicle *(Dittman v Davis,* 274 App Div 836, affd 299 NY 601; *Elfeld v Burkham Auto Renting Co.,* 299 NY 336; *Eckert v Farrington Co.,* 262 App Div 9, affd 287 NY 714; *Arcara v Moresse,* 258 NY 211; *Feitelberg v Matuson,* 124 Misc 595). In addition, pertinent precedents interpretating insurance coverage provisions embodying the phrase "use and operation" of a motor vehicle are to be found in *Roche v United States Fidelity & Guar. Co.* (247 App Div 335, affd 273 NY 473); *Ar-Glen Corp. v Travelers Ins. Co.* (8 Misc 2d 589); *Jamestown Mut. Ins. Co. v General Acc., Fire & Life Assur. Corp.* (66 Misc 2d 952); *Lynton v Metcalf* (68 Misc 2d 779). While authority broadly interprets the phrase "use or operation" the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle which is the proximate cause of the injury or damage sustained. Applying such a guideline to the facts of the instant case, Special Term properly concluded that the unoccupied locked vehicle parked on a public street in front of the owner's residence was not being used within the meaning of section 672 (subd 1, par [a]) of the Insurance Law. (Appeal from judgment and order of Oneida Special Term, in action on insurance policy.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio and Witmer, JJ.