OPINION OF THE COURT
Thomas F. McGowan, J.
This is a motion to set aside that portion of a jury verdict awarding damages for personal injuries occurring when an automobile struck a house occupied by the plaintiffs William H. Whiting and Virginia L. Whiting and their daughter Suzanne G. Whiting. At the commencement of the action a motion was made by the defendant, the motorist, to have the cause for personal injuries dismissed. Decision was reserved and at the close of the plaintiff’s case and following a jury *536 verdict in favor of the plaintiffs, the motion was renewed and a motion was made to set aside that portion of the jury verdict pertaining to the personal injury claims of the plaintiff, William H. Whiting and his daughter Suzanne G. Whiting.
The facts are undisputed. Property damage and the personal injuries which are the subject of this motion occurred when an automobile, owned and operated by David L. Berry, the defendant, left the public highway and struck the home of the plaintiffs William H. Whiting, and Virginia L. Whiting, in which the plaintiff Suzanne G. Whiting was also present. The impact was sufficient to enable the jury to award $8,500 as property damage, together with $865 for other incidental and miscellaneous expenses. There is no allegation of contributory negligence. The subject matter of this motion is the $3,000 awarded to Mr. Whiting and the $300 awarded to his daughter Suzanne for personal injuries. There was no evidence as to medical treatment or serious injury to either Mr. Whiting or his daughter Suzanne. Both did testify to subjective effects of pain and anxiety caused by the accident.
Counsel have submitted briefs which strengthen the observation that this matter is a case of first impression. The question presented is whether the plaintiffs are "covered person[s]” within the meaning of subdivision 10 of section 671 of the Insurance Law.
This court believes they are intended to be within the definition of "covered person[s]”.
Legislative enactments are to be interpreted by application of ordinary meaning to every day words. Subdivision 1 of section 672 provides for "the payment of first party benefits to: (1) persons, other than occupants of another motor vehicle, for loss arising out of the use or operation in this state of such motor vehicle”. Subdivision 1 of section 673 recites: "there shall be no right of recovery for non-economic loss, except in the case of serious injury”.
Serious injury is defined under subdivision 4 of section 671 to substantially include death, dismemberment, disfigurement, fracture, or other permanent type injury. It is also defined as an injury requiring reasonable and customary medical charges of over $500. The personal injuries complained of in the instant action do not under the evidence submitted meet this definition. The Comprehensive Automobile Insurance Reparations Act, article 18 of the Insurance Law was enacted as chapter 13 of the Laws of 1973. The Governor’s Memoranda in *537 approving this statute recites: "this measure * * * assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault.” (McKinney’s Session Laws of 1973, p 2335.)
Article 18, in this court’s opinion, was enacted primarily to provide quicker payment of economic loss and medical treatment expense caused by a motor vehicle, to hopefully reduce escalating automobile insurance premiums and to relieve court congestion. "Covered person[s]” means any person other than those who may be excluded under subdivision 2 of section 672. Rhetorically, would there be any dispute as to plaintiffs inclusion under first-party coverage if they were standing on the lawn, or seated on the front porch? The test as set forth in McConnell v Fireman’s Fund Amer. Ins. Co. (49 AD2d 676) is: was the operation of a motor vehicle the proximate cause of the injury or loss? Here, the answer is affirmative.
Defendant’s motion to set aside the jury’s verdict as to personal injuries sustained by the plaintiffs William H. Whiting and Suzanne G. Whiting is granted. In all other respects the verdict stands.