Harold Elmer **KOLKIN, Jr.,** Appellant,

v.

**AMERICAN FAMILY INSURANCE COMPANY,** Respondent.

No. C6–83–1717.

Court of Appeals of Minnesota.

May 1, 1984.

Robert M. Wallner, Kief, Fuller, Baer, Wallner & Seck, Ltd., Bemidji, for appellant.

Lois J. Lang, Powell & Lang, Bemidji, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a decision in a declaratory judgment action determining insurance coverage under the Minnesota No-Fault Act. The trial court found that appellant did not have a valid claim because his injuries did not arise out of the "maintenance or use of a motor vehicle," as required by the statute. We reverse.

### FACTS

The facts in this case were stipulated. Appellant was injured when the snowmobile he was operating struck an unoccupied automobile which protruded into the roadway. The automobile was uninsured. The driver of the automobile was attempting to enter a driveway when her car stalled. She left the car and walked to a house at the end of the driveway and called for help. Although it was dark, the driver failed to leave on any lights or use any other means to warn oncoming motorists of the presence of the vehicle. The car was left in the roadway for approximately one hour.

Kolkin was an "insured" under his father's policy with respondent American Family Insurance (American). The snowmobile was not insured.

### ISSUE

Do injuries sustained by a snowmobile operator colliding with an unoccupied automobile partially obstructing the roadway arise out of the "maintenance or use of a motor vehicle?"

### ANALYSIS

Two types of no-fault insurance coverage are at issue; however, the parties agree that Kolkin's entitlement to both the basic economic loss benefits and the uninsured motorists benefits is governed by the same definitional clause.

The Minnesota No-Fault Automobile Insurance Act requires coverages for basic economic loss in the following terms:

> "Basic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle ...."

Minn.Stat.Sec. 65B.44 Subd. 1. Uninsured motorists coverage is required as follows:

> "No plan of reparation security may be renewed, delivered or issued for delivery ... unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ...."

Minn.Stat.Sec. 65B.49 Subd. 4(1). American's policy provided such coverage if the injury "ar[o]se out of the use of the uninsured motor vehicle." Part III. The parties have stipulated for the purposes of this action that Kolkin was legally entitled to recover from the owners of the uninsured vehicle.

The No-Fault Act clarifies the statutory language only by specifying that, " 'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle *as a vehicle* ....", Minn.Stat. Sec. 65B.43 Subd. 3 (emphasis added), and by two exclusions not applicable here. *Id.* There are many

Minnesota cases construing this language, *see, Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917 (Minn.1983), cases cited at 920, fn. 3, but none involving collision with a stationary vehicle.

The Supreme Court has noted that these cases "to a great degree, turn on the particular facts presented." *Associated Ind. Dealers, Inc. v. Mutual Service Ins. Co.,* 304 Minn. 179, 182, 229 N.W.2d 516, 518 (1975).

■ The principles applied in construing the phrase "arising out of maintenance or use of a motor vehicle" under Minnesota case law, are as follows:

1) there must be some "causal connection" between the injury and the use of the vehicle for transportation purposes, *Tlougan v. Auto-Owners Ins. Co.,* 310 N.W.2d 116 (Minn.1981);

2) this "causal connection" is less than proximate cause but more than the vehicle being the "mere situs" of the injury; *id.;*

3) the requisite connection exists if the injury is a "natural and reasonable incident or consequence of the use of the vehicle," *id.;* and

4) the vehicle must be an "active accessory" to the injury sustained. *Holm v. Mutual Service Casualty Ins. Co.,* 261 N.W.2d 598 (Minn.1977).

*Waseca Mutual Ins. Co. v. Noska,* 331 N.W.2d 917, 920 (Minn.1983).

Appellant argues that the vehicle which Kolkin struck satisfied these requirements because there was a cause and effect relationship between the use of the (stationary) vehicle "as a vehicle" and the collision causing Kolkin's injuries. That is so, he argues, because "use" of the vehicle had not ended when it was left obstructing the road while the driver was seeking help to push or tow it into the driveway. The deposition of the driver does establish that after leaving the vehicle, she went to the house and made a number of phone calls seeking assistance to move the car. It is not clear that these efforts were continuing when Kolkin's snowmobile struck the car. Appellant contends, however, that "use" of

the vehicle must be held to have continued while the car was still on the roadway. We agree.

The trial court in denying coverage relied primarily upon a New York case, *McConnell v. Fireman's Fund Am. Ins. Co.,* 49 A.D.2d 676, 370 N.Y.S.2d 730 (1975), finding no coverage for an insured whose snowmobile struck a parked car.

In *McConnell,* a snowmobile operated by the plaintiff struck a locked and unoccupied automobile parked on the curb in front of the owner's house. The accident was apparently caused by a mechanical malfunction in the snowmobile. The Court stated its holding as follows:

"While authority broadly interprets the phrase 'use or operation' the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle which is the proximate cause of the injury or damage sustained."

370 N.Y.S.2d at 732.

*McConnell* is not persuasive authority when applied to the Minnesota statute and case law, and to the facts of this case. The New York court applied a "proximate cause" test, while Minnesota requires "something less than proximate cause." *Tlougan v. Auto-Owners Ins. Co.,* 310 N.W.2d 116, 117 (Minn.1981). The court did not discuss its holding, but, under the facts before it, could have found that there was *no* causal connection between the lawful, unobtrusive parking of the automobile, and the collision with it of a malfunctioning snowmobile.

■ Applying the test as stated in *Tlougan v. Auto-Owners Ins. Co., supra,* we agree that the injury to appellant arose out of the maintenance or use of a motor vehicle. Certainly, in this case there is a "causal connection" between the injury and the use of the vehicle for transportation purposes. *Tlougan v. Auto-Owners Ins. Co., supra.* This connection is said to exist if the injury is a natural and reasonable consequence of the use of the vehicle, *id.,*

and if the vehicle is an "active accessory" to the injury. *Holm v. Mutual Service Casualty Co., supra.* This accident was due at least partially to the uninsured vehicle being left in a position obstructing the traveled portion of the roadway. Such a vehicle is more than the situs of an accident or injury. *Cf., Engeldinger v. State Automobile and Casualty Underwriters,* 306 Minn. 202, 236 N.W.2d 596 (1975) (car in which person froze to death was "mere situs").

It may be argued that a stationary vehicle is passive and therefore not an "active accessory" to the injury. A vehicle obstructing a roadway is not, however, "passive" in terms of legal causation, unlike a tree or stone or other object alongside the road. The fact of occupying part of the roadway, particularly in hours of darkness without proper warning lights, makes such a vehicle an "active accessory" to a collision.

### DECISION

Kolkin is entitled to first party basic economic loss benefits and uninsured motorist benefits from respondent.

Reversed.