Joseph T. LaBROSSE, Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, Respondent.

No. C5–85–1826.

Court of Appeals of Minnesota.

March 25, 1986.

P. James Taurinskas, South St. Paul, for appellant.

James A. Stein, St. Paul, for respondent.

Considered and decided by NIEREN-GARTEN, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

The trial court held that appellant Joseph LaBrosse was excluded from recovery of no-fault benefits under the assigned claims plan because he owned a motor vehicle at the time of the accident which was not insured. LaBrosse appeals. We affirm.

## FACTS

LaBrosse purchased an automobile in March, 1983 and represented in his title application that insurance for the car was pending with American Mutual Insurance Company. LaBrosse never obtained insurance on that automobile although he drove it to and from work and for personal errands.

On December 16, 1983, LaBrosse could not start his car in sub-zero temperatures so he left it on the street in front of his house.

Four days later LaBrosse was severely injured in a single car accident in which he was a passenger. LaBrosse and the driver of the car were both uninsured at the time.

After the accident LaBrosse applied for basic economic loss benefits to the Minnesota Automobile Assigned Claims Bureau pursuant to Minn.Stat. 65B.63, subd. 2 (1984). His claim was assigned to respondent Aetna Casualty and Surety Company (Aetna), which denied the claim on the ground that LaBrosse owned an automobile requiring insurance, and pursuant to the provisions of Minn.Stat. 65B.64, subd. 3 (1984) was disqualified from benefits.

LaBrosse sued Aetna for his basic economic loss benefits. The trial court found that although LaBrosse's car was inoperable the day the accident occurred, the fact it was still parked on a public roadway without insurance coverage made him ineligible for benefits under the Assigned Claims Plan. Judgment for Aetna was entered and LaBrosse appeals.

## ISSUE

Was LaBrosse eligible for benefits under the assigned claims plan when he owned an uninsured car that was inoperable the day of the accident?

## ANALYSIS

1. Minn.Stat. 65B.64, subd. 3 expressly excludes from the assigned claims plan any owner who fails to insure his vehicle:

> A person shall not be entitled to basic economic loss benefits through the assigned claims plan with respect to injury which was sustained if at the time of such injury the injured person was the owner of a private passenger motor vehicle for which security is required under sections 65B.41 to 65B.71 and he failed to have such security in effect.

Minn.Stat. § 65B.64, subd. 3 (1984).

LaBrosse argues that he was under no obligation to insure his Monte Carlo because according to the requirement of the no-fault act set forth at Minn.Stat. 65B.48, subd. 1 (1984) he did not own an operable motor vehicle at the time of the accident for which continuous use was contemplated. The statute provides:

> Every owner of a motor vehicle of a type which is required to be registered or licensed or is principally garaged in this state *shall maintain during the period in which operation or use is contemplated a plan of reparation security* under provisions approved by the commissioner, insuring against loss resulting from liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle.

Minn.Stat. 65B.48, subd. 1 (1984) (emphasis added).

The trial court held LaBrosse never reached the threshold. The court reasoned that LaBrosse's actions in the time period before the accident, including that period when his car would not start, indicated an intention by him to continue use of his vehicle. In addition, the potential for injury or property damage involving LaBrosse's car and, consequently, the need to insure against possible loss incurred, continued until his car was taken off the public street and pushed into a garage. The court's reasoning is persuasive.

The record here indicates no intention on the part of LaBrosse to insure his vehicle at any time before the accident, despite his continued use of the vehicle up to four days before the accident when it would not start. Even then LaBrosse was concerned about moving it off the street before he was given a ticket or it was towed. Although LaBrosse's car was no longer available for actual use, there is no indication in his activities before the accident that he was not considering future use of the vehicle if and when it could be repaired. The court aptly noted:

> The operation or use of a vehicle is not continuous, but the span 'during the period in which operation or use is contemplated' is continuous.

The primary purpose behind the no-fault act is to insure against loss which results from liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. *See* Minn. Stat. 65B.48, subd. 1 (1984). During the time period in which LaBrosse's car remained on the street, the potential existed for injury or property damage. *See Kolkin v. American Family Insurance Co.,* 347 N.W.2d 538, 541 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Oct. 19, 1984) (injury to a snowmobile operator when he struck a stationary, unoccupied automobile which protruded into the traveled portion of a roadway arose out of the use of an automobile as a motor vehicle).

## DECISION

The trial court properly excluded LaBrosse from participation in the assigned claims plan because LaBrosse owned a motor vehicle at the time of his accident which was not insured.

Affirmed.