OPINION OF THE COURT
Loren N. Brown, J.
Defendant Patricia McLoughlin cross-moves for an order granting summary judgment dismissing the complaints and all cross claims against her. The motion is opposed by Marjorie and Carl Martin in action No. 2, and all plaintiffs in action No. 1.
On or about December 12, 1982, Roy David Reeves, Barry S. Powell and Gary J. Martin died as a result of carbon monoxide asphyxiation in a Volkswagen van owned by Patricia McLoughlin. The van had been borrowed by Gary Martin in order to go on a camping trip with Powell and Reeves. The van was, without dispute, not a camper. It originally had two bucket seats in front, and two bench seats in back. The bench seats had been removed, apparently by Martin. The decedents were found in sleeping bags in the area where the bench seats had been removed. The automobile ignition was turned off, and the vehicle’s windows had been closed tightly. Not turned off, however, was a Bernz-O-Matic brand propane gas heater which created the deadly carbon monoxide. McLoughlin testified at an examination before trial that she knew of the existence of the gas heater, and that she knew Martin, with whom she lived, was on a hunting trip. She testified that she did not know that the seats had been removed, that the propane heater had been taken on the trip, or if the heater had ever been used by Martin. She also testified that when he went hunting, Martin did not normally stay out all night. There have been no facts adduced to contradict the testimony of the movant.
McLoughlin now moves for summary judgment on the grounds that, upon the facts provable, she did not commit any acts of negligence. Marjorie and Carl Martin, plaintiffs in action No. 2, oppose the motion on the grounds that McLoughlin had a duty to Martin and that, apparently by failing to warn the decedent of potential dangers, she breached that duty. The plaintiffs in action No. 1 rely on the statutory *305 liability purportedly imposed by section 388 of the Vehicle and Traffic Law. Section 388 (1) provides: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.” As the death of Gary Martin arguably resulted from negligence in the "use or operation” of the vehicle with the permission of its owner, McLoughlin, it is contended that statutory liability results.
Addressing the allegation of common-law negligence on the part of McLoughlin, the court finds that none has been demonstrated. Short of speculation, surmise, and imaginative argument, the most damaging evidence is that McLoughlin lent her vehicle to Gary Martin for a hunting trip, and that she knew of the existence of a Bernz-O-Matic heater. Those two innocent facts create no duty on the part of McLoughlin to Martin, and do not establish negligence.
Addressing the argument that section 388 statutorily imposes a liability on the part of McLoughlin as owner, the issue distills to the meaning and scope of the language "use or operation” of a motor vehicle. For the best and controlling definition of the scope of "use or operation” in this context the court is guided by Reisinger v Allstate Ins. Co. (58 AD2d 1028, affd on mem at App Div 44 NY2d 881). In Reisinger, a conceptually similar case, which concerned entitlement of benefits within the Comprehensive Automobile Insurance Reparations Act, the court found that the explosion of a cookstove during use in a " 'mini motor home’ ” was not a use or operation of the vehicle. The court opined "no-fault coverage required by the statute applies for use of the motor vehicle qua motor vehicle, not the use of equipment built into the vehicle to serve some other function (see McConnell v Firemen’s Fund Amer. Ins. Co., 49 AD2d 676; 12 Couch, Insurance [2d ed], § 45:47).” (Supra, at 871.) Though Reisinger, as the plaintiffs point out, was a case involving the Insurance Law, McConnell, which it cites, establishes that the same basic standard is to be used in construing the phrase "use or operation” as it is found in section 388 of the Vehicle and Traffic Law. The court in -McConnell, in construing the language’s meaning, stated "the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle *306 which is the proximate cause of the injury or damage sustained.” (Supra, at 677.)
In the case at bar, it is undisputed that this vehicle was a passenger van, not a camper. It was being used as shelter, not as a motor vehicle. Using the vehicle for the purpose for which it was intended was not the proximate cause of death. As a matter of law, it was not being "used or operated” as a motor vehicle within the meaning of section 388, and liability may not be found based upon that section.
Accordingly, the court grants the motion for summary judgment dismissing the complaint in both actions and all cross claims against Patricia McLoughlin.