Wanda HARRIS, Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Respondent.

No. C6–91–1262.

Court of Appeals of Minnesota.

Feb. 4, 1992.

Review Denied March 26, 1992.

Sharon L. Van Dyck, T. Joseph Crumley, Schwebel, Goetz & Sieben, P.A., Minneapolis, for appellant.

Susan Rester Miles, Hessian, McKasy & Soderbe, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and AMUNDSON and LOMMEN,* JJ.

## OPINION

AMUNDSON, Judge.

Appellant Wanda Harris challenges the judgment denying her basic economic loss benefits under the assigned claims plan. Minn.Stat. § 65B.64, subd. 3 (1986). Following an automobile accident, Harris applied to respondent American Family Mutual Insurance Company for benefits under the assigned claims plan. American Family denied her claim; Harris commenced this action to recover benefits; and the trial court concluded she was not entitled to benefits. We disagree and reverse.

## FACTS

On November 27, 1987 Harris was injured in an automobile accident while driv-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

ing an uninsured 1981 Mercury automobile owned by her fiance, Kerry O'Melia. There was no insurance to cover Harris' injuries because O'Melia had allowed his insurance to lapse.

Harris owned a 1976 Toyota at the time of the accident. She had purchased it in August 1987 and insured it for three months with Farmers Insurance Group. Within one month the Toyota started to have mechanical problems. In late October, one month before the accident, Harris decided she could no longer use the Toyota. She put the automobile in her apartment garage until she could repair it. She allowed the insurance to lapse on November 15, 1987.

Following her accident, and after discovering she had no coverage under the Mercury, Harris applied to the Minnesota Automobile Assigned Claims Bureau for payment of basic economic loss benefits. The Bureau assigned Harris' claim to American Family, but American Family denied Harris' claim, alleging she was required to insure her Toyota. *See* Minn. Stat. § 65B.64, subd. 3. Harris sued American Family for basic economic loss benefits. The coverage and damages issues were bifurcated.

After a bench trial, the trial court concluded Harris owned a vehicle that required insurance, had contemplated its use, and therefore was not entitled to benefits under the assigned claims plan. Judgment was entered for American Family and this appeal followed.

## ISSUE

Did the trial court err by construing Minn.Stat. § 65B.64 to preclude payment of basic economic loss benefits to Harris from the assigned claims plan?

1. The statute provides:
 Every owner of a motor vehicle of a type which is required to be registered or licensed or is principally garaged in this state shall maintain during *the period in which operation or use is contemplated* a plan of reparation security under provisions approved by the

## ANALYSIS

Harris does not contest the trial court's findings of fact. Whether the findings support the conclusions of law and judgment is a question of law for the reviewing court to determine. *Donovan v. Dixon*, 261 Minn. 455, 460, 113 N.W.2d 432, 435 (1962). A reviewing court is not bound by and need not give deference to a trial court's determination of a purely legal question. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Harris argues the trial court erred as a matter of law by concluding she was not entitled to benefits under the assigned claims plan. Minnesota law excludes from the assigned claims plan any owner of a vehicle who fails to properly insure her motor vehicle. Minn.Stat. § 65B.64, subd. 3 (1986). Every owner of a motor vehicle required to be licensed in Minnesota must maintain insurance on the vehicle "during the period in which operation or use is contemplated." Minn.Stat. § 65B.48, subd. 1. (1986).[1] The trial court concluded that at the time of the accident, Harris both owned an automobile—the Toyota—for which insurance was required and contemplated its use. Hence she was not entitled to receive benefits under the assigned claims plan.

The critical issue, as we see it, concerns what the legislature meant when it stated "the period in which operation or use is contemplated." *Id.* Two appellate cases elucidate this issue. First, in *LaBrosse v. Aetna Casualty & Sur. Co.*, 383 N.W.2d 736 (Minn.App.1986) the owner drove his vehicle for about nine months without insurance. On a cold day, the owner could not start his car so he left it on the street in front of his house. Four days later, with the car still inoperable, the owner was injured while riding as a passenger in another's uninsured car. The owner's claim for basic economic loss benefits was denied

commissioner, insuring against loss resulting from liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle.
Minn.Stat. § 65B.48, subd. 1 (emphasis added).

because his actions indicated an intention to continue use of his vehicle. In affirming the grant of summary judgment to the insurer, this court relied upon the following: the owner showed no intent to insure the car, left the car on public property, and drove the uninsured car on a regular basis immediately before the accident. *Id.* at 738.

Second, in *Kvitek v. State Farm Mut. Auto. Ins. Co.*, 438 N.W.2d 425, 428 (Minn. App.1989), *pet. for rev. denied* (Minn. June 21, 1989), we held the trial court erred in determining use of a vehicle was contemplated. Kvitek was injured while riding as a passenger in another's uninsured automobile. At the time of the accident, Kvitek owned an uninsured vehicle. Prior to the accident the following events had occurred: Kvitek's driver's license was revoked; his insurance was canceled; he gave his father permission to sell the vehicle; the car was parked at his father's business with a "for sale" sign on the window, and Kvitek claimed he had not driven the truck after the insurance was canceled.

Here, the trial court reasoned that because Harris' Toyota was neither put into storage—meaning draining the oil, taking the battery out, or putting it up on blocks—nor put up for sale, as occurred in *Kvitek*, Harris had still "contemplated" the operation or use of her vehicle, and hence she was ineligible for economic loss benefits. American Family, in turn, contends the use or operation of a vehicle, such as Harris' Toyota, continues to be "contemplated" even though it is temporarily inoperable and in storage. American Family's position, in a sense, presumes mere ownership of vehicle, without the owner contemplating the vehicle's operation or use, is sufficient to require insurance be purchased.

 We believe both the trial court and American Family's construction of the statute is too broad, and includes situations, like Harris', which the statute's plain language was not intended to encompass. Instead, we conclude the time during which a vehicle is intentionally put in storage, and not some future time when the vehicle may be repaired, is the relevant time period for determining if the vehicle's use or operation is contemplated.

Here, there is no evidence that, while the Toyota was in storage and unrepaired, Harris contemplated its operation or use or drove it without insurance. Therefore, based on the facts in this case, we hold that as a matter of law Harris did not contemplate the use or operation of the Toyota and is therefore entitled to basic economic loss benefits under the assigned claims plan.

*LaBrosse* is distinguishable from this case. In *LaBrosse* the owner drove his vehicle without insurance, stopped driving it only because cold weather prevented him from doing so, and kept the vehicle parked in a public place. The inoperability of the car in *LaBrosse* was, as Harris points out, fortuitous. In short, there was no evidence, other than that the vehicle would temporarily not start, that the owner in *LaBrosse* did not contemplate immediate use or operation of the vehicle. In contrast, while Harris' Toyota was in storage there was no indication she planned to drive it until it was repaired.

American Family also raises the issue whether the 1990 amendment to section 65B.64, subd. 3 should be applied retroactively to this case. The amendment provides:

> For purposes of determining whether security is required under section 65B.48 an owner of any vehicle is deemed to have contemplated the operation or use of the vehicle at all times unless the owner demonstrates to the contrary.

1990 Minn.Laws ch. 456 § 2 is codified in Minn.Stat. § 65B.64, subd. 3 (1990). This statute became effective more than a year after this case was commenced. Because we hold that as a matter of law the trial court erred in concluding Harris was precluded from receiving benefits under the assigned claims plan we do not reach the issue of the retroactive application of the 1990 amendment.

We deny American Family's request for attorney fees on appeal.

## DECISION

The trial court erred by concluding Harris was not entitled to basic economic loss benefits under the assigned claims plan.

Reversed.