■ ROBERT J. TRENTINI, Respondent, v METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. [767 NYS2d 686]—

Kane, J. Appeal from an order and judgment of the Supreme Court (Nolan, Jr., J.), entered November 8, 2002 in Saratoga County, upon a decision of the court in favor of plaintiff.

Bruce Campbell, Jr. was driving a vehicle insured by defendant. After the vehicle stalled and Campbell could not restart it, he pushed the vehicle down a hill to a safer spot, pushed it to the shoulder of the road against a snowbank, turned on its hazard flashers, locked the doors and walked home. Approximately 15 minutes later, he returned in another vehicle and attempted to jump start the disabled vehicle. These attempts were fruitless. Campbell then locked the vehicle again and went to a friend's home in order to get someone to tow the disabled vehicle. About 20 to 25 minutes later, as he was heading back to the vehicle, he was informed that two snowmobiles had collided with the disabled car. Plaintiff, who was operating one of those snowmobiles, was injured. After defendant denied plaintiff's request for no-fault benefits, plaintiff commenced this action.

The sole issue was whether the disabled vehicle was in "use or operation" at the time of the accident, thus permitting plaintiff to recover no-fault benefits pursuant to Insurance Law § 5103 (a) (1). After a bench trial, Supreme Court found that the vehicle was in use and granted judgment to plaintiff. We agree.

In *McConnell v Fireman's Fund Am. Ins. Co.* (49 AD2d 676 [1975]), the plaintiff, while operating a snowmobile, struck a locked, unoccupied automobile parked on the street. The Fourth Department held that the automobile was not in "use" within the meaning of the Insurance Law (*id.* at 677). Unlike the vehicle owner in *McConnell*, Campbell did not voluntary place his vehicle near his residence intending that to be his permanent parking place for the night (*cf. Wooster v Soriano*, 167 AD2d 233 [1990]). He experienced an unplanned stop due to the temporary disability of his car in a place where a vehicle would not normally be parked. Campbell activated the hazard lights to warn other drivers, and his sole purpose in leaving the vehicle was to gain assistance to return and retrieve it as soon as possible. These circumstances constituted an "on-going activity relating to the vehicle" which would necessitate a conclusion that the vehicle was in use (*compare Matter of Celona v Royal Globe Ins. Co.*, 85 AD2d 635 [1981]; *Gering v Merchants Mut. Ins. Co.*, 75 AD2d 321, 323 [1980]). Because the vehicle he struck was in "use or operation" at the time of the accident, plaintiff is entitled to no-fault benefits.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, with costs.