LINDA COLLINS et al., Respondents, v BRENDA J. BLUNT et al., Appellants. [789 NYS2d 348]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered March 1, 2004. The order granted plaintiffs' motion for partial summary judgment determining that plaintiffs are not "covered persons" within the meaning of Insurance Law § 5102 (j) and denied in part defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion, granting the cross motion in its entirety and dismissing the complaint of plaintiff Linda Collins and as modified the order is affirmed without costs.

Memorandum: Plaintiffs each commenced an action seeking damages for injuries they sustained when a vehicle owned by defendant Brenda J. Blunt and driven by defendant Cardinale D. Green struck the window of the room in which they were seated. Plaintiff Mark Loatman was visiting the apartment of plaintiff Linda Collins at the time of the collision, and both plaintiffs sustained injuries when the window shattered, causing glass, bricks and other debris to be strewn about the room. After consolidation of the two actions, plaintiffs moved for partial summary judgment seeking a determination that they are not "covered persons" within the meaning of Insurance Law § 5102 (j) and therefore are not required to meet the serious injury threshold. Defendants cross-moved for summary judgment seeking a determination that plaintiffs are "covered persons" within the meaning of that section and seeking summary judgment dismissing the complaint of Collins on the ground that she did not sustain a serious injury. Defendants further sought to compel Loatman to produce various records and authorizations. Supreme Court granted plaintiffs' motion and denied defendants' cross motion except to the extent that it sought discovery. We modify the order by denying plaintiffs' motion and by granting defendants' cross motion in its entirety and dismissing the complaint of Collins.

Pursuant to Insurance Law § 5104 (a), "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury . . . ." Insurance Law § 5102 (j) defines a covered person in relevant part as a pedestrian injured by a motor vehicle, or "any other person entitled to first party benefits." Pursuant to Insurance Law § 5103 (a) (1), those persons entitled to first party benefits include "[p]ersons, other than occupants of another motor vehicle . . ., for loss arising out of the use or operation in this state of such motor vehicle."

Here, plaintiffs were injured as a result of the use and operation of a motor vehicle (*see generally McConnell v Fireman's Fund Am. Ins. Co.*, 49 AD2d 676, 677 [1975]), thus entitling them to first party benefits pursuant to Insurance Law § 5102 (j). We therefore conclude that plaintiffs are covered persons

and pursuant to Insurance Law § 5104 (a) may recover only if they establish that they sustained a serious injury.

We further conclude that defendants established as a matter of law that Collins did not sustain a serious injury. Collins asserted in her bill of particulars that she sustained a serious injury within the meaning of the 90/180 category of serious injury. In support of that part of their cross motion seeking summary judgment dismissing the complaint of Collins, defendants submitted the deposition testimony of Collins in which she testified that she has a "dent" in her cheek that has improved over the years, that she experienced pain in her neck that did not require treatment, and that she had glass in one of her eyes and in her hair following the accident. Collins could not recall how the pain limited her ability to move her neck. We conclude that defendants thereby met their initial burden, and Collins offered no objective evidence in opposition to raise an issue of fact whether she sustained "a medically determined injury or impairment of a non-permanent nature" that prevented her from performing substantially all of the material acts that constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (Insurance Law § 5102 [d]; *see generally Nitti v Clerrico*, 98 NY2d 345, 357-358 [2002]). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.