In an action to recover damages for personal injuries, the defendant Diana Rosa appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated November 9, 2012, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Diana Rosa for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
The plaintiff allegedly was injured when the flatbed tow truck in which he was a passenger was involved in an accident with another vehicle. At the time of the accident, the tow truck was transporting a vehicle owned by the defendant Diana Rosa. The Supreme Court denied Rosa’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her on the ground that Rosa was potentially liable to the plaintiff pursuant to Vehicle and Traffic Law § 388 (1).
Vehicle and Traffic Law § 388 (1) imposes liability on all vehicle owners for accidents resulting from negligence in the permissive “use or operation” of their vehicles, including use “in combination with one another, by attachment or tow” (Vehicle and Traffic Law § 388 [1]; see Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 558 [1999]). The statute’s primary objective is “ ‘to provide recourse to an injured party against a person, financially able to respond, without whose conduct in permitting use of the vehicle the accident would not have happened’ ” (Argentina v Emery World Wide Delivery Corp., 93 NY2d at 559-560, quoting Rep of NY Law Rev Commn, 1958 McKinney’s Session Laws of NY at 1730).
Here, Rosa’s vehicle was not in use at the time of the accident, either on its own or in combination with the flatbed tow truck (see McConnell v Fireman’s Fund Am. Ins. Co., 49 AD2d *788 676 [1975]). Rather, it was merely cargo on the flatbed tow truck.
Since Rosa otherwise established her prima facie entitlement to judgment as a matter of law, and no triable issue of fact was raised in opposition, the Supreme Court erred in denying Rosa’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
Dillon, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.