BJORKMAN, Judge
(dissenting),
I respectfully dissent. Because the undisputed record demonstrates that brother did not contemplate using the 2002 Ford Explorer at the time of respondent’s accident, I conclude that respondent is not disqualified from receiving economic-loss benefits under the assigned claims plan and would affirm:
The facts relevant to brother’s ownership and contemplated use of the Explorer are undisputed. At the time of respondent’s accident, brother held title to the Explorer, but had not used or even had access to it for over a year. During that time, girlfriend had exclusive use of the Explorer and obtained insurance for it, identifying herself as the sole named insured. The parties agree that this is the relevant time period for purposes of determining brother’s obligation to obtain insurance for the Explorer. On this record, evidence that-brother did not contemplate using the Explorer during the relevant time period -is not just clear and convincing, it is undisputed and conclusive. .
Appellant, in essence, argues these facts are not determinative because Minn.Stat. § 65B.48, subd. 1 (2014) requires a vehicle owner to obtain insurance if the owner contemplates anyone using the vehicle. This argument is at odds with the plain language of Minn.Stat..■§ 65B.64, subd. 3 (2014) as well as our caselaw interpreting MinmStat. § 65B.48.(2014),
Although the broad language of Minn. Stat. § 6SB.48, subd. 1, and the definition of “owner” in MinmStat. I 65B.43, subd. 4 (2014), provide generally that every title holder must obtain insurance for a vehicle when any use is contemplated, the more specific language of Minn.Stat. § 65B.64, subd. 3, the provision under which appellant would deny coverage, must guide our analysis. In enacting MinmStat. § 65B.64, subd. 3,[3] the legislature created a specific standard and framework for determining the insurance obligations of a vehicle owner in the context of disqualification from receiving benefits under the assigned claims plan. This standard focuses on whether “an owner” contemplates use of the vehicle rather than whether “every owner” contemplates such use as the broader statute, Minn.Stat. § 65B.48, subd. 1, provides. I am persuaded that this distinction makes a difference.
By using the term “an owner,” the legislature recognized that in situations involving co-owners, it is possible that each owner may have his own contemplation as to the vehicle’s usage. This case exemplifies this situation. Brother was “an owner” of the Explorer during the relevant time period,' but he demonstrated by undisputed evidence that he did not contemplate using the vehicle during that time. Girlfriend was also “an owner” during the relevant time period, and she clearly contemplated and actually used the vehicle during that time. To the extent “an owner” may be *576 precluded from receiving benefits under the assigned claims plan, girlfriend is that owner. Because the record demonstrates by clear and 'convincing evidence that brother did not contemplate the use of the Explorer during the relevant time period, respondent, as brother’s household member, is not disqualified from participation in the assigned claims plan under Minn. Stat. § 65B.64, subd. 3.
Even before the relevant provision of Minn.Stat. § 65B.64, subd. 3 was effective, in Harris v. Am. Family Mut. Ins. Co., 480 N.W.2d 690, 692 (Minn.App.1992), review denied (Minn. Mar. 26, 1992), this court rejected the argument that ownership of a vehicle, in and of itself, triggers the obligation to obtain insurance under Minn.Stat. § 65B.48, subd. 1. Harris was injured while driving an uninsured motor vehicle owned by a friend. At the time of the accident, Harris owned but was not using a vehicle that had multiple mechanical issues. Harris had parked the vehicle in a garage and let the insurance covérage lapse until such time as she was able to repair and use the vehicle. As here, American Family argued that Harris was not entitled to benefits under the assigned claims plan because she failed to insure her owned vehicle. The focus of our analysis was the legislature’s intent when requiring an owner to obtain insurance during “the period in which operation or use is contemplated.” Harris, 480 N.W.2d at 691. We concluded that the relevant time period was when Harris intentionally put her vehicle into storage, not some future time when the vehicle might be repaired and put back into use. And we held, on that record, that Harris was not obligated to insure her vehicle — and thus not ineligible for benefits under the assigned claims plan — during the relevant time period when her accident occurred.[4] Herd, too, I would conclude that mere ownership, without contemplated use, is insufficient to trigger an obligation to obtain insurance under Minn.Stat. § 65B.48, subd. 1, the violation of which precludes participation in the assigned claims plan under Minn. Stat. § 65B.64, subd. 3.
I agree with the majority that the assigned claims plan is designed to provide innocent non-insureds with some degree of protection, Mohs v. Parrish’s Bar, 418 N.W.2d 494, 496 (Minn.1988). Providing benefits to respondent would serve that purpose. Respondent was not a licensed driver, did not own a vehicle (under any definition of ownership), and was an innocent passenger when he was seriously injured. He had no reason to obtain insurance. Nor as a practical matter did brother act irresponsibly by not insuring girlfriend’s vehicle that he did not use and that girlfriend properly insured.
Moreover, permitting respondent to recover economic-loss benefits is consistent with the public policy expressed in the Minnesota No-Fault Act. The act is designed to “relieve the severe economic distress of uncompensated victims of automobile accidents” -by requiring automobile insurers to offer and vehicle owners to purchase insurance that will cover basic economic loss. Minn.Stat. § 65B.42, subd. *577 1 (2014). Providing benefits to respondent under the assigned claims plan honors both goals. Respondent receives compensation for the medical expenses and other economic loss he sustained as a result of the accident. And girlfriend fulfilled the requirement that the Explorer be insured under a policy that includes economic-loss benefits. Accordingly, I would affirm.

. "For purposes of determining whether security is required under section 65B.48, an owner of any vehicle is deemed to have contemplated the operation or use of the vehicle at all times unless the owner demonstrates to the contrary by clear and convincing objective evidence.” Minn.Stat. § 65B.64, subd. 3.

. This court noted that the legislature amended Minn.Stat. § 65B.64, subd. 3 in 1990 to permit vehicle owners to show they did not contemplate use of a vehicle for purposes of the disqualification provision in the assigned claims plan. Harris, 480 N.W.2d at 692. But we did not decide whether the amendment applied retroactively because our decision rested on Minn.Stat. § 65B.48, subd. 1. Following Harris, the legislature further amended Minn.Stat. § 65B.64, subd. 3 to proscribe the evidentiary standard an owner must meet to establish that use of the owned vehicle is not contemplated — clear and convincing evidence. Minn.Stat. § 65B.64, subd. 3 (1996),